H. H. HOLT *vs.* A. P. LADD et al. defts., BOSTON & MAINE R. R. tr., and CITIZENS SAVINGS BANK & TRUST COMPANY, clt.

October Term, 1898.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, and THOMPSON, JJ.

Opinion filed January 12, 1899.

*V. S. 1310.*—A railroad operating its line within this State and having a superintendent resident here may be held upon trustee process as to debts arising in the business conducted by such authorized agent and payable here.

*Trustee Process—Presumption.*—When a claimant of funds in the hands of a trustee has foreclosed a mortgage securing his debt against the defendant, and it appears that as between him and the defendant the fund in the trustee's hands was the claimant's, it is to be presumed the fund was applied in reduction of the mortgage debt in the foreclosure proceedings, for it was the duty of the claimant to have the application made. Consequently the plaintiff in the trustee process cannot treat the debt as paid by the foreclosure.

*Presumption.*—The claimant was entitled to the indebtedness accruing for the use of a pump only from the time when it took possession under its mortgage, and possession having been found by the commissioner to have been taken sometime during the month of March, it is treated as having occurred on the middle of the month, this being fair to both parties.

TRUSTEE PROCESS. Heard upon a commissioner's report at the June term, 1898, Orange county, *Start,* J., presiding. Trustee adjudged liable in the sum of $145.21. Claimant excepted.

The trustee, the Boston & Maine Railroad, is incorporated under the laws of Maine, Massachusetts and New Hampshire. When this trustee process was served it was operating the Passumpsic Railroad in Vermont under a lease. The leased road is known as the Passumpsic division of the Boston & Maine Railroad; its principal office is in the town of Lyndon, Vermont, in charge of the division

superintendent who resides in the same town and has charge of the Vermont business of said division. The employees are paid directly by the trustee and not through the division superintendent.

Before their insolvency, Babcock & Howard had a contract with the Boston & Maine Railroad to pump water through an aqueduct, belonging to the railroad, into a tank for which they were to be paid $200 per year; they were paid to December 1, 1894, and nothing was paid after that. The pump used was the property of Babcock & Howard, and was in the mill mentioned in the opinion. The amount due for pumping, and unpaid, was $79.21.

*Bates, May & Simonds* for the claimant.

*R. M. Harvey* for the plaintiff.

Ross, C. J. (1) The trustee is operating a railroad within this State. Its superintendent for operating the railroad resides within this State. The debts sought to be attached, in its hands, by the trustee process, were contracted in operating the railroad within this State, and were payable here. The trustee was amenable to the trustee process. V. S. 1310 makes such debts, due from a non-resident, attachable by the trustee process, duly served on the authorized agent of such non-resident. The debt sought to be attached must be one arising in the business conducted by such authorized agent. *Towle* v. *Wilder*, 57 Vt. 622. When it so arises, and the non-resident debtor has an authorized agent, resident within the State, either to conduct the business within the State or appointed especially to receive service for the non-resident debtor in regard to the business done within the State, the debt may be attached by service, according to the statute, upon such agent. *Weed* v. *Boutelle*, 56 Vt. 570; *Chaffee* v. *Railroad Co.*, 55 Vt. 110, opinion 140.

(2) The debt of $66 arose from the purchase of lumber, April 16, 1895. As we understand the report of the

commissioner, the claimant had a chattel mortgage, given February 11, 1895, which covered this lumber, and in March, 1895, took possession of the lumber under this chattel mortgage, and of the mill under its real estate mortgage of the date of February 11, 1895, which covered the mill.   The mill and lumber belonged to and were mortgaged by defendants Babcock & Howard.   No question is made in regard to the validity of these mortgages.   The claimant made defendant Babcock its agent to manage the mill, manufacture and sell the lumber.   He hired the help, and made the sales, and reported to the claimant.   He reported this sale, when made, to the claimant.   The claimant paid the help.   This was done under an agreement with the mortgagors, Babcock & Howard.   It is not found whether the business was done by Babcock, in the name of the claimant, or in the name of Babcock & Howard. Remittances for purchases of lumber were sometimes made by the purchaser directly to the claimant, and sometimes through Babcock & Howard who endorsed the check to the claimant.   When the trustee made the purchase for which this indebtedness arose it did not know that the claimant held a mortgage on the lumber, but it had notice that it held the mortgage long before this writ was served upon it. The findings of the commissioner are not very specific and definite, but from all his findings we think there is no doubt that this debt belonged to the claimant, as between it and Babcock & Howard, and that the trustee had notice that it did, before the service upon it of the writ in this case.   This would entitle the claimant to hold this amount, if nothing further is found to prevent it.   The plaintiff contends that by the foreclosure of its real estate mortgage in June, 1896, before this suit was commenced (August 11, 1896) the mortgage debt, under which the claimant took possession, and the lumber, for which this debt was contracted, was sold, had become fully paid.   This debt for the lumber, when contracted, belonged to the claimant as regards the

debtors, Babcock & Howard. So at the time of bringing this suit, August 11, 1896, it belonged to them. It is not found whether the claimant did or did not account for it in ascertaining the sum due on its mortgage, in the foreclosure of its mortgage. It was under a duty to account for it and presumably did its duty in that respect. The plaintiff cannot raise the question that he is in a better position than his debtors, Babcock & Howard, and hold this debt due from the trustee, unless he establishes that the claimant did not account for this sum when the sum due on its mortgage was ascertained in the foreclosure proceedings. If the plaintiff had shown, and had it found by the commissioner, that the claimant did not then account for this debt, he might have raised the question he now attempts to raise. If the claimant intentionally, or by mistake, omitted to have this sum applied on the mortgage debt and by the foreclosure the mortgage debt has become fully paid, it might fairly be contended that this debt belongs to Babcock & Howard, the debtors of the plaintiff; that by such omission, the claimant, as to them, waived all right to this debt, due from the trustee. On the facts found, whether the amount found due on the mortgage is, by its foreclosure, presumptively paid, is immaterial. Under all the facts found, the claimant is entitled to hold this debt due from the trustee.

(3) The claimant was not entitled to any of the indebtedness which accrued from the use of the pump until it took possession under its mortgage which is found to have been in March, 1895. No specific date in March being found, it is presumed to have been the middle of March. This would be fair to both parties. What accrued from December 1, 1894, to March 15, 1895, for the use of the pump, would belong to the debtors, Babcock & Howard, and be subject to attachment by the plaintiff so far as the parties before the court in this suit are concerned. What may have been, or are, the rights of the assignee in insolvency to this part

of the sum of $79.21, is not raised by the commissioner's report. The sum thus attachable by the trustee process is $58.34. The balance, $20.87, on the facts reported, belongs to the claimant. Those facts bring it within the principles considered in regard to the $66.

> *Judgment of the county court reversed, and judgment that of the funds in the trustee's hands the claimant is entitled to the sum of $86.87; and the trustee is adjudged liable for the remaining sum of $58.34, less the costs of the trustee. The claimant to recover its costs.*