## COMMERCIAL CASUALTY INS. CO. v. ALLIED DAIRY PRODUCTS CORPORATION et al.

### In re FARMER.

Circuit Court of Appeals, Second Circuit. December 3, 1928.

No. 37.

Goodman & Werner, of New York City (Emanuel Goodman, of New York City, of counsel), for appellant.

Arthur Leonard Ross, of New York City (William L. Gross, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. The Farmer & Ochs Company held a mortgage on three trucks on which there remained unpaid $1,640. On June 17, 1927, such balance being due from Allied Dairy Products Corporation, the mortgagor, a. receiver of that company was appointed by the United States District Court sitting in equity. The order appointing the receiver contained a clause forbidding any action against him to recover possession of the property covered by the receivership.

The receiver operated the trucks in the conduct of the business of the Allied Dairy Products Corporation until October 5, 1927, when he sold the assets of the company subject to the chattel mortgage. The purchaser refused to assume payment of the balance due on the mortgage and offered to surrender the trucks, but the trucks were then substantially worthless. They are said to have been in good condition and worth $1,350, when the receiver was appointed.

After the appointment of the receiver, the attorneys for the mortgagee and the attorney for the receiver had various negotiations relating to payment of the balance due on the mortgage, but as no payments were made the attorneys for the mortgagee, on or about July 29, 1927, made a motion in the District Court for the Eastern District, directing the receiver to pay $800, representing the June and July installments due on the mortgage, or in default thereof to surrender the three trucks.

While the affidavits somewhat differ, it is agreed that the foregoing motion was adjourned because Judge Campbell, before whom it first came on August 3, 1927, preferred to have Judge Moscowitz hear it, as he had appointed the receiver. The motion was thereupon adjourned to await Judge Moscowitz, and before the adjourned date, it is stated by the receiver's attorney, in his affidavit, and not denied (folio 76), that he offered to return the trucks, but said that negotiations for the purchase of the business of the Allied Dairy Products Corporation were pending, that the purchaser would take the business subject to the mortgage, and that he might pay the installments if he wanted the trucks. Accordingly the motion was adjourned from time to time. On September 30th, the attorney for the receiver notified the attorneys for the mortgagee that the sale was about to take place, and on October 5th that it had been made "subject to chattel mortgages." It is admitted by the attorneys for the mortgagee that the receiver's attorney suggested "that the motion be not pressed because an application was pending * * * for the sale of all the assets to an individual named Hall, subject to all liens and incumbrances of record, * * * that the application would be on shortly, * * * that when the property was sold [they] take up with the new purchaser the question of the payment of the mortgage" (folios 22, 23). It is not denied in the affidavits that an offer to return the trucks was made in connection with the talk about the proposed sale of the assets (folio 76), as the affidavit of the attorney for the receiver states.

On November 2, 1927, after Farmer & Ochs Company found that they could do nothing with the purchaser and that the trucks were worthless, they again made a motion to recover the value of their equity in the trucks, or the value of their use by the receiver, from the order denying which this appeal is taken.

It is evident from the foregoing summary that the mortgagee, having demanded the return of the trucks, was entitled to immediate possession, and in default of delivery could recover possession in replevin, Wood v. Weimar, 104 U. S. 786, 26 L. Ed. 779; Gandy v. Collins, 214 N. Y. 293, 108 N. E. 415; or could obtain damages to the extent of the balance due on the mortgage for the value of the chattels which were converted when the demand was not complied with, Parish v. Wheeler, 22 N. Y. 494; Hall v. Sampson, 35 N. Y. 274, 91 Am. Dec. 56.

But the mortgage only covered the trucks themselves, and not their earnings, and there is no legal basis for the claim that the mortgagee is entitled to recover for use of the chattels by the receiver, even after demand of possession. Stewart v. Fry, 3 Ala. 573; Chambers v. Mauldin, 4 Ala. 477; Whitmore v. Parks, 3 Humph. (Tenn.) 95; Maynard v. Shaw, 246 Pa. 330, 92 A. 204; Holt v. Ladd, 71 Vt. 204, 44 A. 69; Tenny v. State Bank, 20 Wis. 161. If the mortgagee had recovered possession, the income and profits

would have been matters for which it would have been accountable to the mortgagor. Bennett v. Butterworth, 12 How. 367, 13 L. Ed. 1026; Osgood v. Pollard, 17 N. H. 271; Pratt v. Stiles, 17 How. Prac. (N. Y.) 211. Consequently the only claim which the mortgagee could plausibly assert was for the value of the trucks on July 28, 1927, when the motion was made for their return.

But the dealings of the parties preclude the assertion of a cause of action based on conversion. It seems clear that the mortgagee made the motion primarily to get paid, rather than to obtain the trucks. The proceeding was pressed with no vigor. Indeed, after the adjournment of the motion before Judge Campbell, and the return of Judge Moscowitz, in September, it was further adjourned, and finally never heard at all. While the mortgagee was urgent to get something done, that something was payment. It was not really anxious to be burdened with these trucks, of doubtful value. As is often the case in receiverships, the best hope lay in a sale of the business to a purchaser, who would take it as a going concern and pay up liens in order to retain the use of the entire plant. That promised much more than an independent sale of secondhand trucks. While the hope proved illusory, it controlled the action of Farmer & Ochs. Their conduct in adjourning their motion repeatedly and under an apparent understanding with the receiver, waiting for the sale, instead of pressing the motion or accepting the offer to return the trucks, which the attorney says he made, can be explained only on the theory that they consented to the retention of the trucks and waived any claim they may have had to sue for conversion.

The order is affirmed.