FIRST COMMERCIAL BANK OF PONTIAC, Appellant, *v.* MOSES M. VALENTINE et al., Respondents.

**Replevin** — plaintiff's undertaking in action inures only to benefit of defendant from whom chattels are taken.

1. The Code of Civil Procedure restricts the authority of an officer to taking the chattels mentioned in a writ of replevin only from the possession of the defendant in the action. (*Manning, Bowman & Co.* v. *Keenan,* 73 N. Y. 45, followed.) As it is only the possession of the defendant in the action that is invaded by the writ, the obligation of the undertaking given by plaintiff is to him alone, unless there is privity of title or possession between such defendant and a party seeking to recover on the undertaking.

2. This action is brought against the defendants upon an undertaking by which they, as sureties for the plaintiff in a replevin action, bound themselves to the defendant in that action "for the return of the chattels to the defendant, if the possession thereof is adjudged to it, or if the action abates or is discontinued before the chattels are returned to the defendant, and for the payment to the defendant of any sum which the judgment awards to him against the plaintiff." Subsequently this plaintiff became a party to the replevin action by virtue of an order of the court, appeared and answered, and the judgment in that action awarded the possession of the property to it. *Held,* that the undertaking did not inure to its benefit.

*First Commercial Bank* v. *Valentine,* 155 App. Div. 91, affirmed.

(Argued June 3, 1913; decided June 17, 1913.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-.

10

ment, entered February 26, 1913, which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint and sustained such demurrer.

The following questions were certified: " 1. Do the facts alleged as a first cause of action in the amended complaint herein constitute a cause of action against the defendants ?    2. Do the facts alleged as a third cause of action in the amended complaint herein constitute a cause of action against the defendants ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred A. Wheat* for appellant.    An undertaking in replevin running to the defendant inures to the benefit of one who is subsequently joined as a party defendant and secures a judgment establishing his ownership of the property taken under the writ of replevin.    (*Manning* v. *Gould,* 15 J. & S. 387; *Christal* v. *Kelly,* 88 N. Y. 285; *Potter* v. *Van Vranken,* 36 N. Y. 619; *Emerson* v. *Booth,* 51 Barb. 40; *Becovitz* v. *Sapperstein,* 92 N. E. Rep. 551; *Helt* v. *Whittier,* 31 Ohio St. 475; *Howell* v. *Alma,* 36 Neb. 80; *Tibbles* v. *O'Connor,* 28 Barb. 538; *John Church Co.* v. *Dorsey,* 38 Misc. Rep. 542; *Hinckley* v. *Kreitz,* 58 N. Y. 583.)

*Abram I. Elkus, John De R. Storey* and *Albert I. Sire* for respondents.    The appellant was not a party to the undertaking and cannot now claim benefit under it. (*Hayden* v. *Crane,* 1 Lans. 181; *Wood* v. *Fisk,* 63 N. Y. 245; *McCluskey* v. *Cromwell,* 11 N. Y. 593; *Barns* v. *Barrow,* 61 N. Y. 39; *Goldstein* v. *Shapiro,* 85 App. Div. 83; *Hochman* v. *Hauptman,* 76 App. Div. 72; *Klinkert* v. *F. S. & M. Co.,* 118 Wis. 493.)    There is no statutory authority in favor of appellant's claim that an intervenor may claim the benefit of an undertaking given to secure the defendant at the commencement of the action.    (*Potter* v. *Van Vranken,* 36 N. Y. 619; *McCluskey* v. *Cromwell,* 11 N. Y. 593.)

CULLEN, Ch. J.    As stated in the complaint the Welch
Motor Car Company brought an action in July, 1908,
against the P. Brady & Son Company to recover two
automobiles in which action the plaintiff delivered to the
sheriff of New York county the affidavit and undertak-
ing required by sections 1694 to 1699 of the Code of Civil
Procedure, with a requisition requiring him to replevy
the said articles, a copy of which undertaking is attached
to the complaint herein.    It is further stated in the com-
plaint that thereupon the sheriff did replevy said articles
from the possession of the P. Brady & Son Company,
and delivered the same to the Welch Motor Car Company;
that subsequently, on October 28, an order was entered in
said action directing that the plaintiff in the present
action be made a party defendant thereto; that in pursu-
ance thereof the plaintiff became a party defendant,
appeared therein and answered the complaint; that subse-
quently a judgment was rendered in said action whereby
the possession of said chattels was adjudged to the present
plaintiff, the sum of $5,924.95 damages was awarded to
it against the said Welch Motor Car Company (the plain-
tiff in the replevin action), and it was further adjudged
that the chattels were of the value of $2,500, and that
if the same were not returned to the plaintiff herein,
the motor car company should pay the plaintiff the
sum of $8,424.95; that an execution on said judgment
was duly issued and returned unsatisfied, and that neither
the said chattels nor any part thereof have ever been
returned to the present plaintiff; that before the com-
mencement of the present action the said P. Brady &
Son Company assigned to this plaintiff its claim on said
undertaking.

This action is brought against the defendants upon the
undertaking attached to the complaint, which was exe-
cuted by the defendants and by which they bound them-
selves jointly and severally to the defendant in the replevin
action "in the sum of fourteen thousand four hundred

dollars for the prosecution of the action; for the return of the chattels to the defendant, if the possession thereof is adjudged to it, or if the action abates or is discontinued before the chattels are returned to the defendant; and for the payment to the defendant of any sum which the judgment awards to him against the plaintiff."

The sole question presented on this appeal is whether the undertaking given to the defendant in the replevin action, which at the time was the P. Brady & Son Company, inures to the benefit of the plaintiff in this action which was subsequently made a party defendant to that action. So far as appears from the allegations of the complaint, there was no privity between the Brady Company and the present plaintiff. It may have been that the claims of the two defendants, the Brady Company and the present plaintiff, were hostile. The object of the action was, and the requisition issued to the sheriff required that officer to take the chattels not from the possession of any one with whom he might find them, but solely from the defendant in that action — the Brady Company. The requisition would not protect him if he took the property from the possession of other persons. (*Bullis* v. *Montgomery*, 50 N. Y. 352; *Otis* v. *Williams*, 70 id. 208.)

For the appellant it is insisted that the undertaking takes the place of the property, and that, therefore, it should inure to the benefit of whoever may be adjudged to be entitled to the possession of the property. This argument would be very forcible if the writ justified the officer in taking the specific chattels named in it wherever he might find them regardless of the person in whose possession they might be. Such was supposed to be the effect of the mandate in a replevin suit at common law, but the Code of Procedure and Code of Civil Procedure eliminated the doubt previously existing on the subject by restricting the authority of the officer to taking the chattels mentioned in the writ only from the possession of the defendant in the action. (*Manning, Bowman*

*& Co.* v. *Keenan,* 73 N. Y. 45.)   As it is only the possession of the defendant in the action that is invaded by the writ, the obligation of the undertaking is to him alone, subject to the qualification hereafter stated.   The rights of third parties whose property may be seized are fully protected by the provisions of the present Code.   As already said, if the officer had taken the chattels from the possession of others than the defendant, he would be a trespasser and liable to suit.   Even when the articles are taken from the possession of a defendant, a remedy for third parties who may be entitled to the possession is expressly provided by section 1709 of the Code.   If the chattels are still in the possession of the sheriff, such persons may serve an affidavit on him claiming the chattels and setting forth their rights thereto.   Thereupon the plaintiff in the replevin action may be required to indemnify the sheriff against the claims of the third parties.   If the sheriff is not indemnified he must deliver the chattels to the claimants; if indemnified, then the claimants may maintain an action against the sheriff.   If, however, the chattels in controversy have been delivered to or remain in the possession of either party to the action, the claimant may maintain his independent action against such party either in replevin or conversion.   The first replevin suit has no possible effect on his rights.   The liability of the sureties in case of a decision adverse to the plaintiff in the replevin action might be very different to different defendants.   The title of a third person might be superior to that of the plaintiff in the replevin suit, yet the relation of the parties to the replevin suit might be such as would entitle the plaintiff to a favorable judgment or subject him, if the judgment was adverse, to a liability less than the full value of the chattels.   Thus, the plaintiff and the defendant might be bailor and bailee, in which case the defendant could not dispute plaintiff's title, or the defendant might merely have a lien on the chattels for some services, in which case the value of the goods,

on a judgment in his favor, would be limited to the value of his special property.

If there were privity of title or possession between the original defendant in the replevin action and the present plaintiff, a very different question would arise. Either a bailor or bailee of property may maintain an action against a trespasser for its conversion, though but one action can be maintained, and a recovery by one party is a bar to an action by the other. (Black on Judgments, sec. 581; Story on Bailments, sec. 94; *Smith* v. *James,* 7 Cow. 328; *Green* v. *Clarke,* 12 N. Y. 343.) If that relation existed between the Brady Company and the plaintiff, and the Brady Company had succeeded in the replevin action by virtue of the present plaintiff's title, the Brady Company would have been entitled to recover on the replevin bond the full value of the property and the damages, and such recovery, less any charges thereon, would be the property of its bailor. I cannot see that the bailor's rights would be any less because it was made a co-defendant in a replevin suit with his bailee. But, as before said, the complaint is barren of any allegation of such relation between the co-defendants in that suit. As to the hypothetical case suggested by counsel for the appellant — that of a shipper whose goods a carrier has stored after its inability to make delivery in accordance with the terms of the shipment — whether in such a case the relation of bailor and bailee exists we express no opinion. The subject, however, will be found discussed in *Fisk* v. *Newton* (1 Den. 45), *Bliven* v. *Hudson R. R. R. Co.* (36 N. Y. 403) and *Western Transportation Co.* v. *Barber* (56 id. 544).

The order appealed from should be affirmed, with costs, and the questions certified answered in the negative.

Gray, Willard Bartlett, Hiscock, Chase, Hogan and Miller, JJ., concur.

Order affirmed, etc.