FIRST COMMERCIAL BANK OF PONTIAC v. VALENTINE et al.
(No. 5995.)

(Supreme Court, Appellate Division, First Department. July 10, 1914.)

1. REPLEVIN (§ 132*)—RIGHT OF ACTION ON BOND—PARTIES ENTITLED TO SUE.
Where, in replevin against a bailee, the bailor was admitted as a party defendant on its application and conducted the defense, the bailee asserting no claim of title or right to possession as against the bailor, and judgment was rendered for defendants, awarding the possession of the property to the bailor, it, as the real party in interest, was entitled to sue on the replevin bond for its damages from the taking and detention of the property involved.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 518, 519; Dec. Dig. § 132.*]

2. WAREHOUSEMEN (§ 10*)—STORAGE OF GOODS—RELATION TO OWNER.
Where a carrier stored a shipment on the failure of the consignee or the holder of the bill of lading to surrender such bill and remove the shipment, the warehouse company with whom it stored the shipment became a bailee for the holder of the bill of lading, thereby vested with the right to the possession of the shipment.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 11–14; Dec. Dig. § 10.*]

Ingraham, P. J., and Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by the First Commercial Bank of Pontiac against Moses M. Valentine and another. From an interlocutory judgment sustaining a demurrer to the first and third causes of action pleaded in the

---

*For other cases see same topic & §·NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

second amended complaint, plaintiff appeals. Reversed and demurrer overruled.

See, also, 155 App. Div. 934, 140 N. Y. Supp. 1119.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

Alfred A. Wheat, of New York City, for appellant.

Abram I. Elkus, of New York City (Wm. Burgess Osterhout, of New York City, on the brief), for respondents.

LAUGHLIN, J. [1] This is an action on an undertaking in replevin executed by the defendants as sureties. The undertaking was given in an action brought by the Welch Motor Car Company of New York against the P. Brady & Son Company to replevy two automobiles, and it is in the usual form. After the undertaking was given and the property replevied, the plaintiff, herein claiming to be the owner of the automobiles, was, as appears by the record of this court on an appeal in the replevin action, admitted as a party defendant on its application. The record on that appeal shows that the P. Brady & Son Company, the original sole defendant in the action, merely denied the plaintiff's right to the possession of the property; that the plaintiff herein by its answer alleged ownership thereof in it, and that upon the trial the defense was conducted by the plaintiff herein, and no claim of title or right to possession as against the plaintiff herein was asserted by the P. Brady & Son Company, and that the judgment therein recites the dismissal of the complaint on motion of the attorneys for the plaintiff herein; and that judgment awarding the possession of the property to it, together with costs, and awarding costs to the P. Brady & Son Company, was granted on motion of the attorneys for this plaintiff and of the attorneys for the P. Brady & Son Company. That judgment was affirmed by this court. Welch Motor Car Co. v. Brady & Son Co., 149 App. Div. 945, 134 N. Y. Supp. 1150.

The first amended complaint in this action failed to show privity between this plaintiff and the P. Brady & Son Company by alleging the facts with respect to the relationship existing between them concerning the automobiles which were the subject of the replevin action. The plaintiff by that complaint sought to recover on the undertaking by merely alleging the judgment in its favor in the replevin action, and the assignment to it by the P. Brady & Son of the latter's claim against the defendants on said undertaking. On an appeal from an interlocutory judgment overruling a demurrer interposed to the first amended complaint herein, this court reversed and held that the plaintiff failed to show any right to recover on the undertaking. First Commercial Bank v. Valentine, 155 App. Div. 91, 139 N. Y. Supp. 1037. The Court of Appeals affirmed the order of this court; but in the opinion delivered by the Chief Judge, concurred in unanimously (First Commercial Bank v. Valentine, 209 N. Y. 145, 102 N. E. 544, Ann. Cas. 1913D, 1104), the court considered the rights of bailor and bailee, which were not presented by the record, for it did not then appear that any bailment was involved, and concluded the discussion as follows:

"If there were privity of title or possession between the original defendant in the replevin action and the present plaintiff, a very different question would

arise. Either a bailor or a bailee of property may maintain an action against a trespasser for its conversion, though but one action can be maintained, and a recovery by one party is a bar to an action by the other. Black on Judgments, § 581; Story on Bailments, § 94; Smith v. James, 7 Cow. 328; Green v. Clarke, 12 N. Y. 343. If that relation existed between the Brady Company and the plaintiff, and the Brady Company had succeeded in the replevin action by virtue of the present plaintiff's title, the Brady Company would have been entitled to recover on the replevin bond the full value of the property and the damages, and such recovery, less any charges thereon, would be the property of its bailor. I cannot see that the bailor's rights would be any less because it was made a codefendant in a replevin suit with his bailee. But, as before said, the complaint is barren of any allegation of such relation between the codefendants in that suit. As to the hypothetical case suggested by counsel for the appellant—that of a shipper whose goods a carrier has stored after its inability to make delivery in accordance with the terms of the shipment—whether in such a case the relation of bailor and bailee exists we express no opinion. The subject, however, will be found discussed in Fisk v. Newton, 1 Denio, 45 [43 Am. Dec. 649]; Bliven v. Hudson R. R. R. Co., 36 N. Y. 403, and Western Transportation Co. v. Barber, 56 N. Y. 544."

The only apparent object of the court in thus discussing those questions was to suggest a theory upon which a recovery might be had if the facts were as claimed but not alleged. The plaintiff thereafter, pursuant to leave granted to plead over, served the second amended complaint, alleging, among other things, that plaintiff bought a draft from the Welch Motor Car Company, a Michigan corporation, drawn by it on the plaintiff in the replevin action, a New York corporation, payable to the order of this plaintiff at sight, and that as security therefor the Michigan corporation indorsed and delivered to the plaintiff a bill of lading, by which the Michigan corporation consigned the automobiles in question to itself or order at New York, and that thereby the plaintiff succeeded to the ownership of the automobiles; that thereafter on due presentation the plaintiff in the replevin action refused to accept the draft or to pay the same, and that thereupon the plaintiff became entitled to the possession of the chattels; and that thereafter the final carrier of the chattels stored the same in a warehouse owned and maintained by said P. Brady & Son Company, which thereupon became the bailee thereof for the plaintiff, "and that its right, title, and interest in and to said chattels arose from and was in privity with the right, title, and interest therein of the plaintiff, and that when said chattels were" replevied from the possession of the bailee, as therein alleged, they were taken from the possession of the plaintiff, and that the damages sustained by the detention were sustained by the plaintiff, and were recoverable by either the bailee or the bailor. I am of opinion that the second amended complaint is sufficient. It may be observed at the outset that if the plaintiff cannot maintain this action on the undertaking, no action can be maintained thereon to recover the damages sustained by the taking and detention of the chattels, for the possession of the chattels was not awarded to the P. Brady & Son Company, and therefore that company could not recover, at least not in its own right. The law should not be so declared that a recovery on this undertaking is to be defeated merely because the bailor became a party to the replevin action, for if it had not become a party thereto, it is perfectly clear that the original defendant would have succeeded as its bailee.

[2] It is manifest on the allegations of the present complaint that the right of the original defendant in the replevin action was merely to the temporary possession of the chattels as bailee. The carrier evidently, although it is not specifically so alleged, stored the chattels on the failure of the consignee or the plaintiff to surrender the bill of lading and remove the chattels. Since, however, the right to the possession of the chattels was vested in the plaintiff by virtue of the bill of lading, the warehouse company became its bailee. Fisk v. Newton, 1 Denio, 45, 43 Am. Dec. 649; Mayell v. Potter, 2 Johns. Cas. 371; Redmond v. Liverpool, N. Y. & Phila. S. S. Co., 46 N. Y. 578, 7 Am. Rep. 390; Western Transportation Co. v. Barber, 56 N. Y. 544; Tarbell v. Royal Exchange Shipping Co., 110 N. Y. 170, 17 N. E. 721, 6 Am. St. Rep. 350; Scheu v. Benedict, 116 N. Y. 510, 22 N. E. 1073, 15 Am. St. Rep. 426. As stated in the opinion of the Court of Appeals on the former appeal, if the plaintiff in the replevin action, instead of replevying the chattels, had taken possession thereof and removed them, it would have been liable in conversion either at the suit of the bailor or of the bailee. It is quite evident, I think, that Chief Judge Cullen in his discussion regarded the liability on the undertaking as a substitute for the cause of action that would exist for the conversion of the property if it had been removed without lawful process. It is manifest from his discussion of the questions that any recovery at the instance of the bailee would have been for the benefit of the bailor, and it seems to me that it follows that, since the bailor is the real party in interest, it is entitled to maintain the action on the undertaking. The third cause of action pleaded is for plaintiff's costs on the appeal in the replevin action; and, inasmuch as it is not claimed that defendants are not liable on that cause of action if they are liable on the first, it needs no separate discussion.

It follows, therefore, that the interlocutory judgment should be reversed, with costs, and the demurrer overruled with costs, with leave to the defendants to withdraw the demurrer and plead on payment of the costs of the demurrer and of the appeal.

CLARKE and HOTCHKISS, JJ., concur. INGRAHAM, P. J., and DOWLING, J., dissent.