GEORGE S. GANDY, Respondent, *v.* JOHN J. COLLINS, Sheriff of the County of Richmond, Appellant.

Debtor and creditor — mortgage — when agreement to store and keep property in name of creditor to secure a loan used in purchase of such property constitutes a mortgage, not a pledge.

Plaintiff's assignor obtained a loan from a trust company to enable it to become the buyer of electric cars. It agreed to store the cars in the name of the trust company until the loan was paid, and delivered to the trust company a bill of sale by which, in consideration of the loan, it assigned to it all its right, title and interest in the cars, and undertook upon a sale to turn over the proceeds in payment. The cars remained in the actual possession of a third party, with whom they were stored. Plaintiff's assignor afterward made a note for a sum remaining due on the loan, which gave the holder the right, in case of the non-payment of the debt, to sell the cars. A sale of the cars was thereafter attempted to be made under

this arrangement and they were purchased by the trust company, but it did not obtain possession of them, and thereupon brought replevin against the corporation with which the cars were stored. The sheriff, this defendant, seized them under the requisition and plaintiff brought this action for conversion. *Held*, that the original transaction was intended, not as a pledge of chattels, but as a mortgage, with the result that the trust company after default had the legal title and with it the right to regain possession through replevin, and that the omission to file the mortgage did not affect its validity between the parties, the plaintiff having notice of the character of his assignor's title. *Held, further*, that the sale under the authority of the collateral note was ineffectual to transfer the title. *Held, further*, that even though the requisition in replevin did not name the proper party, the defendant may nevertheless justify the seizure, not by force of the requisition in replevin, but as having been made by the direction of the lawful owner.

*Gandy* v. *Collins*, 160 App. Div. 525, reversed.

(Argued January 26, 1915; decided February 25, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 20, 1914, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis Marshall* for appellant. The defendant having acquired the custody and possession of the cars as sheriff in a valid replevin proceeding, and, so far as the record shows, having retained possession thereof at the time of the commencement of this action, it is not maintainable against him. (Code Civ. Pro. § 1909; *Martin* v. *Gilbert*, 119 N. Y. 298; *Manning, Bowman & Co.* v. *Keenan*, 73 N. Y. 45; *McCarthy* v. *Ockerman*, 154 N. Y. 565; *First Nat. Bank* v. *Dunn*, 97 N. Y. 149.) Assuming that the Franklin Trust Company did not acquire the legal title to the cars, it had a right to take possession of them by virtue of the collateral security created by the assignment of June 16, 1908, and the collateral note of May 4,

1909, and the replevin action constituted lawful means for taking such possession. (*Parshall* v. *Eggert*, 54 N. Y. 18; *Sexton* v. *Kessler & Co.*, 172 Fed. Rep. 535; *Thompson* v. *Fairbanks*, 196 U. S. 516; *Humphrey* v. *Tatman*, 198 U. S. 91; *Matter of Automobile Livery Service Co.*, 176 Fed. Rep. 792; *Nobles* v. *Christian & Craft Grocery Co.*, 113 Ala. 220; *A. P. I. S. W. Co.* v. *German*, 126 Ala. 239; *Sabin* v. *Camp*, 98 Fed. Rep. 974; *Nat. Bank of Deposit* v. *Rogers*, 166 N. Y. 390; *O. F. Nat. Bank* v. *Dun*, 29 Hun, 534; *Garrison* v. *Vermont Mills*, 154 N. C. 1.) As between the Franklin Trust Company and G. S. W. Brubaker & Co. and the plaintiff the assignment partakes of the character of a chattel mortgage or bill of sale by which a defeasible title to the cars passed to the trust company without delivery of possession or the filing of the instruments which evidence the rights of the trust company. (*Gregory* v. *Morris*, 96 U. S. 619; *Stewart* v. *Platt*, 101 U. S. 131; *Ward* v. *Sumner*, 5 Pick. 59; Jones on Chattel Mortgages, § 14; Jones on Collateral Securities [3d ed.], § 13; *Christian* v. *Atlantic, etc., R. Co.*, 133 U. S. 233, 242; *Langdon* v. *Buel*, 9 Wend. 80; *Atwater* v. *Moore*, 10 Vt. 75; *Conner* v. *Carpenter*, 28 Vt. 237; *D'Wolf* v. *Harris*, 4 Mason [U. S.], 515; *Barrow* v. *Paxton*, 5 Johns. 258; *Brown* v. *Dement*, 8 Johns. 96; *Clark* v. *Henry*, 2 Cow. 324; *Palmer* v. *Mut. Ins. Co.*, 114 Minn. 1; *Hauselt* v. *Harrison*, 105 U. S. 401.)

*Alfred G. Reeves* and *William P. Dalton* for respondent. The defendant did not validly obtain possession of the cars in replevin; and therefore the judgment against him must stand, whether or not he delivered the cars to the Franklin Trust Company before the commencement of this action. (*Manning, Bowman & Co.* v. *Keenan*, 73 N. Y. 45; *Otis* v. *Williams*, 70 N. Y. 208; *F. C. Bank* v. *Valentine*, 209 N. Y. 145; *Seeman* v. *Levine*, 205 N. Y. 514; *Hopkins* v. *Clark*, 158 N. Y. 299; *Arnot* v. *Erie Ry. Co.*, 67 N. Y. 315; *Adams* v. *Fitzpatrick*, 125

N. Y. 124; *Brown* v. *Cayuga & S. R. R.*, 12 N. Y. 486; *Kramer* v. *Brooklyn Heights R. R. Co.*, 190 N. Y. 130; *N. Y. C. & H. R. R. R. Co.* v. *City of Rochester*, 127 N. Y. 591.) The Franklin Trust Company could not, and did not, enforce its equitable right by taking possession of the cars through the action of replevin. (*First Nat. Bank* v. *Dunn*, 97 N. Y. 149; Cobbey on Replevin [2d ed.], 339; *National Bank of Deposit* v. *Rogers*, 1 App. Div. 624; *Wheeler* v. *Allen*, 51 N. Y. 37; *Deeley* v. *Dwight*, 132 N. Y. 59; *Duncombe* v. *R. R. Co.*, 84 N. Y. 190; *Hastings* v. *Farmer*, 4 N. Y. 293; *McMahon* v. *Ranke*, 47 N. Y. 67; *Parshall* v. *Eggert*, 54 N. Y. 18; *Matter of Automobile Service Co.*, 176 Fed. Rep. 792.) Since the Franklin Trust Company had no title to the cars before they were taken in replevin, and no possession, or right of possession, or pledge of them, and no legal lien, it could not sell them as it attempted to do in Philadelphia. (*Security Trust Co.* v. *Lipman*, 157 N. Y. 551; *Bank of Batavia* v. *N. Y., L. E. & W. R. Co.*, 106 N. Y. 195; *Dean* v. *Briggs*, 137 N. Y. 274; *First Nat. Bank of Chicago* v. *Dean*, 137 N. Y. 110; *Union Trust Co.* v. *Wilson*, 198 U. S. 530; *National Bank of Deposit* v. *Rogers*, 1 App. Div. 624; *Hickok* v. *Cowperthwait*, 137 App. Div. 94; *Deeley* v. *Dwight*, 132 N. Y. 59; *Casey* v. *Caveroc*, 96 U. S. 467.)

CARDOZO, J. The action is for conversion. In May, 1908, the plaintiff's assignor, G. S. W. Brubaker & Co., obtained a loan of money from the Franklin Trust Company of Philadelphia. It received the money to enable it to become the buyer of electric cars; and it agreed to store the cars in the name of the trust company until the loan was paid. In the following month it delivered to the trust company a bill of sale by which, in consideration of the loan, it assigned to the trust company all its right, title and interest in the cars, and undertook upon a sale to turn over the proceeds. The cars remained in

New York. They were left on the tracks of Milliken Bros., Inc., under an agreement between the receivers of that corporation and the Brubaker Company. The agreement gave the receivers a lien on the cars for the cost of storage. A year later $8,000 of the loan was still due to the trust company. The Brubaker Company then made a collateral note for that amount, payable on demand. The note states that there has been deposited as security the following property: "assignment of interest in 17 Electric Motor Cars stored at Milliken Bros. Yard, Staten Island, New York." It gives the holder the right to repledge the collateral, and it gives the right also, in case of the non-payment of the debt, to sell the collateral, at public or private sale, with or without notice. Two years later, on September 20, 1911, the trust company called the loan, and gave notice that in default of payment by September 21, it would, on September 22, 1911, at 11 A. M., at a stated place in Philadelphia, expose the cars for sale. It also published a notice of sale in two newspapers. On September 22, 1911, payment had not been made, and the trust company attempted to sell the cars at auction. The president of the Brubaker Company was present and protested against the sale. The cars were bought in by the trust company itself. It did not obtain possession of them, for they were still in Staten Island. In November, 1911, it began an action of replevin in this state. It named as sole defendant Milliken Bros., Inc., on whose tracks the cars were stored. The sheriff seized the cars under the requisition in replevin. The Brubaker Company served him with an affidavit that it claimed the ownership of the cars, and demanded that he return them. The sheriff refused to comply with the demand, but delivered the cars to the trust company at whose instance he had seized them. It is conceded that the trust company indemnified him against loss or liability by reason of the adverse claim. The Brubaker Company thereupon assigned to

the plaintiff all its interest in the cars and in any cause of action for conversion growing out of their seizure. This action followed.

In the view of the court below, the transaction was an inchoate pledge, invalid because never perfected by delivery (*Casey* v. *Cavorac*, 96 U. S. 467), with the result that the trust company's interest was thought to be of the nature of an equitable lien. In our view, the transaction was intended, not as a pledge of chattels, but as a mortgage, with the result that the trust company after default had the legal title and with it the right to regain possession through replevin. The Brubaker Company delivered to the trust company an assignment of all its right, title and interest in the cars. The assignment, as the court has found, "was executed and delivered as collateral security for the loan made." Such an instrument is not a pledge but a mortgage. (*Susman* v. *Whyard*, 149 N. Y. 127; *Hughes* v. *Harlam*, 166 N. Y. 427; *Ward* v. *Sumner*, 5 Pick. 59; *Bonsey* v. *Amee*, 8 Pick. 236.) The plaintiff relies on another finding to the effect that the assignment was not intended as a transfer of title. If by this it was meant that an absolute title was not transferred, the finding is correct, for the assignment was given as security. If, however, it was meant that there was not even the transfer of a defeasible title, the finding must be rejected. Viewed as a finding of fact, it is inconsistent with other findings which establish the terms of the assignment and the purpose of delivery. Viewed as a conclusion of law, it is an erroneous deduction from the facts found. We conclude, therefore, that the title of the trust company and its right to maintain replevin are established by the decision.

The plaintiff is not helped by the mortgagee's omission to comply with the statute which requires either that the mortgage, or a copy, be filed, or that it be accompanied by a change of possession. (Lien Law, sec. 230.) Such an omission does not affect the validity of the mort-

gage between the parties. (*Stephens* v. *Meriden Brit-ania Co.*, 160 N. Y. 178.) It is a protection only to creditors and to subsequent purchasers and mortgagees in good faith. The plaintiff is a purchaser, but not a purchaser without notice. He was present at the sale in Philadelphia, and his assignment by its very terms informed him that the property had been seized under a hostile claim of right.

The point is also made that the sheriff did not take the cars from the possession of the defendant named in the action of replevin. The cars, it is said, were in the possession of the Brubaker Company. The defendant in the replevin action was Milliken Bros., Inc. The argument is that a sheriff is protected by his process only when he takes the property from the possession of the defendant therein named. (*Manning, Bowman & Co.* v. *Keenan*, 73 N. Y. 45; *First C. Bank* v. *Valentine*, 209 N. Y. 145, 148.) If he obeys his process, he is not liable, though the defendant from whom he takes the chattels may turn out to be the true owner. (*Bullis* v. *Montgomery*, 50 N. Y. 352, 355.) If he disregards his process, "it does not *per se* protect him." (*Manning, Bowman & Co.* v. *Keenan*, *supra*, at p. 61.) For this reason, it is said, the seizure of the cars while in the possession of the Brubaker Company, but under a requisition naming Milliken Bros., Inc., makes the sheriff liable for their value. The case, as we read it, was not tried upon that theory. There is neither finding nor request to find in respect of Milliken Bros.' possession. But the defendant does not need the protection of the requisition. If the plaintiff in the replevin action had repudiated the seizure as wrongful, the defendant could, of course, have no other justification than his process, and if that failed him, would become a trespasser. But the plaintiff in the replevin action has accepted delivery of the cars, indemnified the sheriff, and ratified the seizure. (*Clark* v. *Woodruff*, 83 N. Y. 518, 526.) In so doing, it has made the sheriff its agent to

retake the cars (*Rogers* v. *Weir*, 34 N. Y. 463, 466, 467; *Walker* v. *Hunter*, 2 C. B. 324); and the defendant may thus justify the seizure, not by force of the requisition, but by the direction of the lawful owner. There is some authority for the view that there remains after ratification a liability for nominal damages (*Rogers* v. *Fales*, 5 Pa. St. 154); but we think it is the better view that where a sheriff has assumed to act in behalf of the true owner, the effect of ratification is to obliterate the wrong.

We think the plaintiff is right in his claim that the sale in Philadelphia under the authority of the collateral note, was ineffectual to transfer the title. The note was given a year after the assignment. The assignment constituted a mortgage. The wording of the note, which was evidently on a printed form, is appropriate to collateral held in pledge. The acceptance of the note did not diminish the holder's rights under the mortgage. On the other hand, it did not constitute a waiver of the rights of the mortgagor. But if the attempted sale be treated as a nullity, the seizure was still lawful.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, MILLER and SEABURY, JJ., concur.

Judgment reversed, etc.