LYLE CULVERT & ROAD EQUIPMENT CO., Respondent, v. J. F. ANDERSON LUMBER CO., Appellant.

(193 N. W. 58.)

(File No. 5177. Opinion filed April 3, 1923.)

1. Sales—Bills and Notes—Payment—Conditional Sales Contract— Note is Not Payment Under Conditional Sales Contract, If Not So Intended.

The giving of a note by a buyer of goods under a conditional sales contract was not a payment for the goods which vested title therein in the buyer, where it plainly appeared that the note was intended merely as evidence of the indebtednss, and that title was to be retained as security for the payment of the indebtedness.

2. Sales — Principal and Agent — Sheriffs — Executors — Officer is Agent of Creditor in Levying Execution on Chattels Specifically Designated by Creditor.

A sheriff, in levying execution upon chattels specifically designated by the creditor as the property of the debtor, acts as agent of the creditor, so that his knowledge that the goods were held by the debtor under a conditional sales contract is imputable to the creditor and the conditional seller can recover the goods from the creditor after the latter purchased them at execution sale under Conditional Sales Act, Sec. 5, making a conditional sale contract void as to a purchaser without notice.

Appeal from Circuit Court, Spink County; Hon. ALVA E. TAYLOR, Judge.

Action by the Lyle Culvert & Road Equipment Company against the J. F. Anderson Lumber Company to recover possession or personal property. Judgment for plaintiff, and defendant's motion for a new trial overruled, and defendant appeals.   Affirmed.

*W. F. Bruell,* of Redfield, for Appellant.

*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

(1)   To point one of the opinion, Appellant cited:  Dixon v. Blondine (Vt.), 5 Atl. 514.

Respondent cited:   International Harvester Co. v. Potts, 32 S. D. 82, Ann. Cas. 1916A, 327.

(2)   To point two, Appellant cited:  Thomas v. Richards, 59 Wis. 671.

Respondent cited:   17 Cyc. 1077; 4 Cyc. 942; King v. Howell, 62 N. W. 738; Gandy v. Collins, 108 N. E. 415; 5 Cyc. 1645; Francisco v. Aguirre, 29 Pac. 495.

POLLEY, J.   During the month of April, 1921, one Gipson, of Frankfort, S. D., sent a written order to the plaintiff in this action at Minneapolis, Minn., for 10 road scrapers, to be paid for in 60 days.   On receipt of this order, plaintiff forwarded to Gipson a conditional sales contract, providing for the sale of said scrapers on 60 days' time, but providing that title thereto should remain in the plaintiff until the purchase price was fully paid. Gipson executed this contract, together with his note for the purchase price of the scrapers, payable in 60 days, and forwarded said note and contract to the plaintiff.   Thereupon said scrapers were shipped to Gipson.   Immediately upon their arrival at Frankfort, the defendant in this action, who had a judgment against Gipson, caused the levy upon and seizure of said scrapers, under an execution issued on said judgment.   The conditional sales contract had not then been, and never since has been, filed in the offices of the register of deeds, as required by the provisions of section 6, c. 131, Laws of 1919.   But the deputy sheriff, who made the levy, knew before he made said levy or seizure that Gipson did not own the scrapers, and knew that there was a written contract in existence, relative to the ownership thereof.   The scrapers were sold under the said execution, and purchased by the execution creditor, defendant herein.   Plaintiff then commenced this action for the recovery of the possession of said scrapers.   The case

was tried to the court without a jury. Findings of fact, conclusions of law, and judgment were in favor of plaintiff, and defendant appeals.

[1]   Some contention is made by appellant that the scrapers in question were settled for by giving of the promissory note by Gipson to plaintiff, and that plaintiff retained no further title therein.  This contention is without merit.  It plainly appears from the terms of the contract that the note was intended merely as evidence of the indebtedness, and that title to the property was to be retained by plaintiff as security for the payment of the indebtedness.   Harvester Co. v. Pott, 32 S. D. 82, 142 N. W. 652, Ann. Cas. 1916A, 327.

There is no evidence that the defendant had actual knowledge of the existence of the contract, and it is claimed that the deputy who made the levy and seizure had no such knowledge prior to making the seizure, but this claim is not sustained by the record. The evidence showed, and the court found as a fact, that such deputy sheriff did have knowledge of the contract, or at least sufficient knowledge to have put him on inquiry that would have led to actual knowledge of the contract.   This leaves but a single question to be determined.   Can the knowledge of the officer who made the levy be imputed to the execution creditor who was the purchaser at the sale?

[2]   It is the contention of the respondent that in making the levy and seizure the deputy sheriff was acting as agent for the execution creditor, and that the knowledge of the agent was the knowledge of the principal, the execution creditor, under the provisions of section 5 of the Conditional Sales Act, being section 5 of chapter 137, Laws of 1919.   This section reads as follows:

"Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

The question here presented has not heretofore been passed upon by this court, but such authority as we are able to find on the subject supports the view that the officer making a levy under

an execution is the agent of the execution creditor. Gandy v. Collins, 214 N. Y. 293, 108 N. E. 415; Francisco v. Aguirre, 94 Cal. 180, 29 Pac. 495; Parshall v. Eggert, 54 N. Y. 18. It is objected by appellant that these were replevin cases, where the sheriff is directed to seize specific personal property while in this case the seizure was made under a general execution, in which the sheriff was authorized to levy on any property of the execution debtor that could be found, without any specific directions. Without holding that a distinction should be made between the two cases, we are satisfied from the record in this case that the execution creditor, defendant herein, gave the sheriff specific direction to levy on the property involved in this action.

We hold that under the facts disclosed by the record in this case the appellant should be charged with knowledge, prior to the levy or seizure, that said Gipson was not the owner of said scrapers when the levy was made, and that said seizure was not authorized by the Conditional Sales Act.

The judgment and order appealed from are affirmed.

Note—Reported in 193 N. W. 58. See American Key-Numbered Digest, (1) Sales, Key-No. 469, 35 Cyc. 675, 21 R. C. L. 70; (2) Sales, Key-No. 472(4) 35 Cyc. 694.

On notes given for purchase money on conditional sale as payment for debt, see note in 35 L. R. A. (N. S.) 90.