UNIVERSAL CREDIT COMPANY, Plaintiff, *v.* GEORGE W. KNIGHTS,
Defendant.

Supreme Court, Saratoga County, December 15, 1932.

*Butler, Kilmer, Hoey & Butler,* for the plaintiff.

*John W. Nichols* and *John J. O'Malley,* for the defendant.

ALEXANDER, J.    This is an action in conversion against the sheriff of Saratoga county for the sale of an automobile seized under a warrant of attachment.    It involves the construction of certain provisions of the Uniform Conditional Sales Act, adopted by this State in 1922 (Pers. Prop. Law, § 60 *et seq.*), and the liability of a duly qualified officer for the seizure and sale of an automobile under legal process to satisfy a claim in tort against the buyer under a conditional sale contract, made in Vermont, upon which a substantial balance was still owing to the seller.

The case is submitted upon stipulated facts which are substan-

tially as follows: On September 21, 1929, Charles P. Smith, Jr., Inc., a Vermont corporation, at Burlington, Vt., sold to one Ernest Hoffman, a resident of the same place, a Ford automobile for the sum of $697, of which $217 was paid on account, the balance of $480 to be paid in twelve monthly installments of $40 each, commencing October 21, 1929. The sale was evidenced by a conditional sale contract, dated September 21, 1929, under the provisions of which title to the automobile remained in the seller until the purchase price was fully paid. The contract was duly filed and recorded in the office of the city clerk of Burlington where the buyer resided. By its terms it prohibited removal of the car from the State of Vermont until the conditions were fulfilled. On September 27, 1929, the vendor assigned the contract to the plaintiff herein, a Delaware corporation, authorized to do business in both New York and Vermont. Neither the contract nor the assignment has ever been filed in this State. The car was duly registered in the purchaser's name in Vermont. The payment falling due October 21, 1929, was made, leaving an unpaid balance of $440 due plaintiff at the time of seizure. On October 6, 1929, Hoffman, without the knowledge or consent of plaintiff or its assignor, took the automobile on a temporary business trip into this State, and on that day became involved in an accident in the town of Stillwater, Saratoga county, N. Y., resulting in substantial damage to a car owned by two New York State residents who sued Hoffman two days later in the Supreme Court of this State. The action was in tort, based upon the alleged negligence of Hoffman in the operation of his automobile. In that suit a warrant of attachment was issued to the Saratoga county sheriff, the defendant herein, who, acting thereunder, took possession of the car. The regularity of the attachment proceedings is conceded. The sheriff retained custody of the car, maintaining it in a public garage in the town of Stillwater until February 13, 1930, when, without notice to plaintiff, he sold it at public auction for $300 pursuant to the order of this court, made and entered February 13, 1930. The value of the car for the purpose of this action is stipulated at $300. On November 8, 1929, plaintiff first acquired notice that defendant had seized the automobile and had it in his custody at Stillwater in this State. Plaintiff made no demand upon him for its return and took no steps to enforce its rights until the commencement of this action on May 16, 1930. On November 8, 1929, it communicated by letter with the attorney for the plaintiffs in the negligence action against Hoffman, advising him of its interest in the automobile and demanding the release and return thereof to plaintiff. The attorney replied, refusing the demand. Plaintiff indicated in this letter that it intended

to arrange immediately to put the sheriff on notice and take delivery of the car but it did nothing until the commencement of this action six months later. While the letter requested the name of the sheriff and the attorney failed to furnish that in his reply, it is conceded that plaintiff already had knowledge of the seizure of the car by defendant under legal process and of the place of its detention. Defendant had no knowledge of plaintiff's interest and no notice of an adverse claim until this action was begun.

Section 65 of the Personal Property Law provides as follows: " Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided. This section shall not apply to conditional sales of goods for resale."

Section 74 of the same statute provides for refiling of the contract upon removal of the goods to another filing district, and so far as material here, reads: " When, prior to the performance of the condition, the goods are removed by the buyer from    *    *    * another state into a filing district in this state where such contract or copy is not filed, the reservation of the property in the seller shall be void as to the purchasers and creditors described in section sixty-five, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed."

One of the defenses advanced by the sheriff is that plaintiff failed to comply with the provisions of the Uniform Conditional Sales Act, above quoted, to the effect that the seller is required to refile a copy of the contract in a filing district of this State to which the automobile was removed from another State within ten days after receiving notice of the removal, and that by reason of such failure the plaintiffs in the attachment suit acquired a valid lien by virtue of the levy under the warrant. As already stated, plaintiff received notice of defendant's seizure and possession of the car under legal process in this State on November 8, 1929. Defendant claims that because it failed, within ten days thereafter, to file a copy of the contract in the town of Stillwater, where the car was held, the reservation of title was nullified, the attachment creditors acquired a lien by virtue of the levy, and defendant's possession and sale were lawful. Plaintiff argues that the statute is inapplicable for two reasons, *first*, because the original removal from Vermont, being without its knowledge or consent and of a mere temporary character, was not such a removal as is contemplated by the statute. (*Hare*

& *Chase, Inc.,* v. *Tomkinson,* 129 Atl. 396; *Matter of Bowman,* 36 F. [2d] 721.) I am inclined to agree with that contention. There is nothing in the proof indicating that the buyer ever formed an intent to change the situs of the automobile from Vermont, the place of his residence, to this State, and its detention here was the result of legal constraint rather than a matter of choice on the part of Hoffman. *Second,* plaintiff argues that the plaintiffs in the negligence action were not within either of the two classes of persons protected by the statute, that is, they were neither purchasers from nor creditors of Hoffman, but simply tort claimants with an unliquidated demand. With this contention I am also in accord. There is no doubt that they cannot be classed as purchasers, and it seems to me that the word " creditor," as used in this statute, imports the existence of a debt at the time of acquisition of a lien by levy under legal process. From this plaintiff argues that the statute has no application to the facts of this case; that it was under no obligation to refile its contract in this State to protect its title because the common law governs; that under that law there is no requirement as to filing and its title is good as against the whole world until full payment of the purchase price. (*Baker* v. *Hull,* 250 N. Y. 484; *Goetschius* v. *Brightman,* 245 id. 186.) Of course the sale occurred in Vermont, where both parties to the contract reside, but that is of no significance here because neither party to the action pleads the Vermont law, in the absence of which the common law there governs, and as the court must presume that to be the same as it is here (*Southworth* v. *Morgan,* 205 N. Y. 293), it follows that the question is unaffected by the fact of the sale in Vermont.

A second defense is alleged to the effect that this automobile was attached by a duly qualified officer under valid legal process, regular upon its face, issued by a court of competent jurisdiction, and that no claim or demand ever having been made, or notice given to him of plaintiff's interest, his possession was lawful and the warrant of attachment and order of sale constitute complete justification.

Plaintiff, in order to maintain the action, contends that the automobile was wrongfully removed from Vermont in violation of the contract provisions; that although seizure by defendant occurred October 8, 1929, and no default in payment existed until November 21, 1929, it had the right to retake possession by reason of the removal and by reason of the provision that it might do so at any time it felt itself insecure; that its election to act under these provisions, and declare the whole amount immediately due, was manifested by its letter to the attorney for the plaintiffs in the attachment suit on November 8, 1929; that Hoffman had no levi-

able interest in the automobile at the time of seizure; that default in payment having occurred before the sale, Hoffman's possessory right terminated and the sheriff's sale constituted a conversion.

Plaintiff's contentions may be considered in connection with the sheriff's second defense above stated. On October 8, 1929, Hoffman was sued in the Supreme Court of this State by the two New York State owners of the car involved in the accident for the sum of $1,200, which they claimed to be the damage to their automobile. On the same day they presented to the court an affidavit setting forth the statutory requisites for the issuance of a warrant of attachment against Hoffman, furnished an undertaking in the amount of their claim, and the writ was duly issued to the sheriff of Saratoga county by this court. Process commencing the action was personally served upon Hoffman in this State, the action was one of the character specified by statute in which the provisional remedy of attachment may issue, the defendant therein was a nonresident of this State and the court had jurisdiction of the subject-matter and the parties. The writ was, therefore, not only regular upon its face but all statutory prerequisites having been complied with, it was valid legal process which has never been attacked by either the conditional vendor or vendee. Obedient to the command of the writ, on October 8, 1929, the sheriff attached the automobile, duly made his return and all papers were properly filed. When levying under the warrant of attachment the sheriff found the automobile at Stillwater, N. Y., in the possession of Hoffman, who claimed to be the owner and in whose name it was registered in Vermont. Registration is proof of ownership. (*Bogorad* v. *Dix*, 176 App. Div. 774; *McCann* v. *Davison*, 145 id. 522.) The levy, therefore, was properly made, by a duly qualified officer, acting in good faith, within his territorial jurisdiction, upon property in possession of the person against whom the writ was directed and under circumstances indicating he was the owner. To all appearances Hoffman was the owner; the sheriff had no knowledge to the contrary, and under these conditions it was the clear duty of the officer to execute the warrant by making a levy. Plaintiff makes the point that because Hoffman told the sheriff at the time of the levy that the automobile was not fully paid for that was notice to him or at least sufficient to put him upon inquiry. I do not so regard it. It was no notice whatever of the existence of the contract, or the reservation of title in plaintiff (*Commercial Credit Corporation* v. *Smith*, 106 N. J. Law, 94; 148 Atl. 756), or even of an adverse claim. Many articles are bought and sold daily as to which the purchase price is not fully paid and title passes. The vital thing here is that

under the contract Hoffman's interest was but a possessory right before default in payment. Of that the sheriff had not the slightest intimation nor did Hoffman's statement tend in the least degree to apprise him of the fact or of anything by which in the exercise of reasonable diligence he might have been put upon inquiry. At this time there was no default in payment under the contract and Hoffman was entitled to possession. Under these circumstances the sheriff was guilty of no conversion. It is well established as a general rule that the process, judgment or order of a court affords complete protection to a sheriff or constable from liability for any proper or necessary act done in its execution. (35 Cyc. 1737; 57 C. J. 907; 24 R. C. L. 989; *Conner* v. *Long*, 104 U. S. 228; *Savacool* v. *Boughton*, 5 Wend. 171; *Shaw* v. *Davis*, 55 Barb. 389; *Porter* v. *Purdy*, 29 N. Y. 106; *Bullis* v. *Montgomery*, 50 id. 352; *Day* v. *Bach*, 87 id. 56.) Where property is in possession of defendant in a writ as apparent owner, and the sheriff at the time of the levy has no actual knowledge or reason to suppose that another person is the true owner, an action cannot be maintained against the sheriff for seizing such property until he has received notice of the true ownership, and has refused to restore the property to the true owner upon demand. (57 C. J. 831; 24 R. C. L. 985.)

On November 8, 1929, plaintiff received notice of the detention of the automobile at Stillwater by defendant under legal process in the suit against Hoffman. On that day it wrote the attorney for the plaintiffs in that action, informing him of the contract and demanding the return of the automobile to plaintiff. The letter also stated that plaintiff intended to put the officer upon notice immediately and arrange to take delivery of the automobile. The attorney replied, refusing to release it. Plaintiff failed to notify the sheriff, made no demand whatever upon him, and on February 19, 1930, he sold the automobile at public auction under a provision of the statute with respect to the disposition of perishable property, pursuant to the order of this court. On November 21, 1929, a payment fell due under the contract, which was not met, and plaintiff claims Hoffman's possessory right thereupon ceased and it became entitled to immediate possession. Of course it did, but it failed to take any step to obtain possession. If, due to such failure, Hoffman had retained possession beyond the date of default in payment would his possession be wrongful? Clearly not; and if Hoffman's possession under such circumstances would not be wrongful how could that of the sheriff? When plaintiff learned of the detention of the automobile here under legal process resulting from the institution of suit against Hoffman it was fairly chargeable with notice of the fact that in the ordinary course of events a sale

would be likely to follow. Three months elapsed during which plaintiff made no protest and the sale resulted. Remedies were open to plaintiff under our statute. It could have moved to vacate the attachment. It could have put the sheriff upon notice and demanded its property, after which, in the event of refusal to comply, he would have acted at his peril. It could have proceeded in replevin and taken immediate possession. A mere notice of its interest to the sheriff would have enabled him to investigate its claim or to demand an indemnity bond of the plaintiffs in the attachment suit in the event of their refusal to consent to a surrender of the automobile. He would then either have had protection or plaintiff would have had its property. In the present situation plaintiff has lost its property through its own negligence in failing to act when it was under a duty to act, thus permitting the sheriff to deal with the automobile under the belief it was property of the attachment debtor. It is sometimes required by statute that a claimant of property seized under attachment against another must, in order to protect his rights, give notice of his claim to, or make a demand for, the property, and where this is the case a claimant's failure to assert his claim after knowledge of the seizure will bar his right of action for the trespass. (6 C. J. 380.) We have such a statute. It is section 924 of the Civil Practice Act and provides as follows: " If goods or effects, other than a vessel, attached as the property of the defendant, are claimed by or in behalf of another person, as his property, an affidavit may be made and delivered to the sheriff, in behalf of such person, at any time while such goods or effects or the proceeds thereof are in the sheriff's possession, stating that he makes such a claim; specifying in whole or in part the property to which it relates, and in all cases stating the value of the property claimed and the damages, if any, over and above such value, which the claimant will suffer in case such levy is not released. In that case, the sheriff, in his discretion, may empanel a jury to try the validity of the claim."

By simple adherence to this statute plaintiff could have obtained its property, or failing that, it would have had redress against the officer for refusal to surrender it. The statutory remedy here provided is not exclusive. Plaintiff had other remedies as already mentioned. Good faith on its part, as well as statutory provisions and familiar legal principles, required it to act with diligence in view of its knowledge. It delayed until the sale put the automobile into the hands of an innocent purchaser whom it may not pursue. Its conduct warrants the inference that its claim was abandoned. As the sheriff's original possession was lawful the subsequent occur-

rence of default in payment under the contract could not operate to make that possession unlawful, and it is elementary that under these circumstances conversion will not lie without a previous demand.

Defendant is entitled to judgment dismissing the complaint but without costs in accordance with the stipulation.