N. B. I. CORPORATION, Judgment Creditor, *v.* JEAN KELLER, Judgment Debtor.

County Court, Monroe County, October 22, 1940.

*Culley & Corbett*, for the N. B. I. Corporation, judgment creditor.

*Henry R. Dutcher*, for the Universal Credit Company, Inc., third party claimant.

VAN DUSER, J.   This is a proceeding brought, pursuant to the provisions of section 696 of the Civil Practice Act, to determine the title to personal property upon which the sheriff of Monroe county has made a levy.

On the 20th day of February, 1940, the N. B. I. Corporation, the party which brings this proceeding, obtained a judgment in City Court of Rochester, Civil Branch, against Jean Keller, for the sum of $175.55, a transcript of which was thereafter filed in the county clerk's office of the county of Monroe.   On the 10th day of July, 1940, an execution under said judgment against the property of the said Jean Keller was issued out of this court to the sheriff of Monroe county.   The sheriff thereupon, and on the same day, levied on a 1940 Ford panel truck which was registered in the name of, and in the possession of, the judgment debtor.

On July 30, 1940, the Universal Credit Company, Inc.; filed a claim with the sheriff to the property upon which the sheriff had made a levy, claiming that it was entitled to the property by virtue of a conditional contract of sale which was filed for the first time at a time subsequent to the time the sheriff made the levy.   The conditional contract of sale purports to cover the property in question and to have been made by the judgment debtor, Jean Keller, to Archer Motor Company, Inc., on October 21, 1930, although, apparently, through a mistake it was actually dated October 21,

*1940.* It also purports to have been assigned by Archer Motor Co., Inc., to Universal Credit Company, Inc., by a typewritten signature of Archer Motor Co., Inc., unexecuted by any officer of that corporation, and at a time which does not appear through any evidence given in this proceeding, nor by the instrument itself. It was filed in the Monroe county clerk's office for the first time on July 13, 1940, three days after the above-mentioned levy was made by the sheriff.

The claimant claims title to the property on the ground that the notice required by section 65 of the Personal Property Law was given to the sheriff by the judgment debtor prior to the time the sheriff made the levy, and that such notice constituted notice to the judgment creditor.

Section 65 of the Personal Property Law provides: " Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale. This section shall not apply to conditional sales of goods for resale."

The evidence on the question of the alleged notice to the sheriff comes solely from the testimony of the judgment debtor, given in the form of an affidavit, whose testimony is that on or about July 10, 1940, a deputy sheriff came to the judgment debtor at his place of business and said he was going to make a levy upon the judgment debtor's truck; the truck was out at the time, and the judgment debtor began to describe it, but the deputy said he had a description and knew what truck it was. The judgment debtor then claims that he told the deputy sheriff " that the truck did not belong to deponent; that it was bought through Universal Credit Company and that it was not paid for, deponent having made only four payments. That this information was erroneous in that deponent had actually made six payments. Deponent then told the said Wilcox that deponent did not think he could levy on the truck since deponent did not own it, but the said Wilcox said there was nothing on file and therefore he could make a levy."

It is upon this testimony and this testimony alone, that the claimant asks that the truck be awarded to it.

It will be seen that the section of the Personal Property Law quoted required notice " *of such provision,*" being the provision in the alleged conditional contract of sale reserving property in the seller. The evidence quoted, which is the only evidence, as pointed

out, upon which the claimant bases notice, makes no reference to a conditional contract of sale, nor does it make any reference to a provision, as claimed therein, reserving title to the claimant.

As was pointed out in the case of *Universal Credit Co.* v. *Knights* (145 Misc. 876), a statement by a judgment debtor at the time of levy that an automobile was not fully paid for was not regarded by the court as notice to the sheriff or of such a nature as to put him upon inquiry. The court stated (p. 881): " It was no notice whatever of the existence of the contract, or the reservation of title in plaintiff (*Commercial Credit Corporation* v. *Smith,* 106 N. J. Law, 94; 148 A. 756), or even of an adverse claim. Many articles are bought and sold daily as to which the purchase price is not fully paid and title passes."

This same situation existed in the instant case, and as was said in *Commercial Credit Corp.* v. *Smith* (106 N. J. Law, 94; 148 A. 756): " We do not stop to consider whether or not notice to the attorney or to the constable was notice to the judgment creditor. But we point out that there was no showing or attempt to show that the judgment creditor, or its attorney, or the constable, had knowledge of the *provision* in the conditional sales contract reserving property in the plaintiff, * * * the mere fact of knowledge (if it be the fact) of the existence of a conditional sales contract, without more, does not import knowledge of the specific provisions contained in the contract. Of course it is otherwise if the contract be filed, for then every creditor has constructive notice not only of the contract filed, but also of its provisions."

But while it appears to this court that the sheriff had no notice of " such provision " referred to in section 65 of the Personal Property Law, yet, even if the sheriff's deputy was given notice, it does not appear that such notice constitutes notice to the judgment creditor.

The claimant bases its position as to that point on the case of *Edwards* v. *Walker* (162 Misc. 96) and which clearly supports its contention. That case, however, appears to have been based upon a decision of the Supreme Court of South Dakota (*Lyle Culvert & Road Equipment Co.* v. *Anderson Lumber Co.,* 46 S. D. 366; 193 N. W. 58), which, in turn, cites among other cases, *Gandy* v. *Collins* (214 N. Y. 293) and *Parshall* v. *Eggert* (54 id. 18) as being authorities for holding that an officer making a levy under an execution is the agent of the execution creditor. An examination of those cases, however, does not seem to support that position. In *Gandy* v. *Collins* (*supra*) the plaintiff brought a replevin action, accepted delivery of certain cars, indemnified the sheriff and ratified the seizure. The court held that in so doing it made the sheriff

its agent to retake the cars, which clearly indicates that prior to that time the sheriff was not the agent of the plaintiff, but only became so by accepting the benefit, and ratifying the wrongful act of the sheriff. To the same effect is the case of *Parshall* v. *Eggert* (*supra*).

That the sheriff, in the absence of special instructions given to him by the judgment creditor or his attorney, is not the agent of the judgment creditor, seems to be the holding in the case of *Williamson Mill & Lumber Co.* v. *Valentine* (206 App. Div. 252). In that case, in which a levy under an execution delivered to the sheriff was involved, Judge DAVIS, then a member of the court, writing the opinion, says: " The sheriff may be bound by special instructions given by the attorney issuing the writ and may become his agent (*Walters* v. *Sykes*, 22 Wend. 566); and these excuse him from his general duty. (*Root* v. *Wagner*, 30 N. Y. 9; *Smith* v. *Erwin*, 27 id. 466.) "

It seems to me that the conclusion is irresistible that in the absence of instructions or in the absence of some circumstances under which the judgment creditor ratifies or takes the benefits of a wrongful act of the sheriff, he is not the agent of the judgment creditor, but an elected official performing the " general " duties of his office.

" In American law the sheriff is ordinarily an elective public officer and chief executive officer in his county, is an officer of the court and subject to its orders and directions." (57 C. J. 730.)

" In civil matters, the sheriff is the immediate officer of every court of record in the State, including the Surrogate's Court, to whom all writs and processes are regularly directed, and he is bound to execute the same. * * *; and when a cause is determined, he sees that the judgment of the court is carried into effect." (Crocker on Sheriffs [2d ed.], p. 19.)

In 1 Jones on Chattel Mortgages and Conditional Sales ([Bower's ed.], § 311), in addition to stating the law to be that notice by a debtor to a sheriff, when he was proceeding to attach or levy upon property, is not notice to the creditor for whom levy is made, the very apt further statement is made: " In fact, if notice by the debtor to the sheriff were held sufficient, it would almost render nugatory the statute requiring mortgages of personal property to be recorded; for if the mortgagee could depend upon the custody, care, and diligence of the mortgagor, it would not be necessary to record any such mortgage. It would only be necessary, when anyone came to attach, that notice should be given."

The statute provides an adequate method and a proper method under which a conditional vendor may protect itself. The claimant

here, either was not in a position to, did not wish to follow such method, or neglected to do so. Its present position is due to its own failure to follow the method prescribed by statute and as to which, considering the business in which it was engaged, it could not be said to be ignorant.

An order may be presented for signature determining that the property seized by the sheriff under the execution was the property of the judgment debtor, and may be sold at an execution sale free of the claim of the third party, and providing for motion costs of ten dollars.