ANNIE WEINGARTEN, Respondent, *v.* HARTFORD FIRE INSURANCE COMPANY, HARTFORD, CONNECTICUT, Appellant.

ANNIE WEINGARTEN, Respondent, *v.* STERLING FIRE INSURANCE COMPANY, Appellant.

ANNIE WEINGARTEN, Respondent, *v.* VIRGINIA FIRE AND MARINE INSURANCE COMPANY, Appellant.

First Department, March 4, 1927.

Insurance — fire insurance — policies provided that insurers would not be liable for loss as to any property insured while it was incumbered by chattel mortgage — at time insurance was taken out chattel mortgage had not been renewed — chattel mortgage was still obligation between parties and its existence prevents recovery — evidence — testimony as to statement by husband of mortgagee was hearsay — estoppel not shown.

A chattel mortgage although not renewed by filing the required statement is, nevertheless, an obligation between the parties thereto, and, therefore, the plaintiff cannot recover upon policies of fire insurance on personal property, since it appears that the policies contained a provision that the insurers would not be liable for loss as to any property insured while incumbered by a chattel mortgage and that at the time the insurance policies were taken out a chattel mortgage was in existence unsatisfied, though it had not been renewed by filing the required statement.

Testimony by the attorney for the mortgagee to the effect that the mortgagee's husband told him that it was not necessary to renew the mortgage and that " we " are sufficiently covered and have sufficient security, was hearsay and was improperly received.

Furthermore, if that fact had been shown by proper testimony, it merely proved an intention on the part of the mortgagee not to insist upon her rights and it was not founded upon any consideration so that it would be binding upon her. Nor did said statement, if made, constitute an estoppel against the mortgagee, since it was not communicated to the plaintiff.

APPEAL in each of the above-entitled actions by the respective defendants from a judgment of the Supreme Court in favor of the plaintiff in each action, entered in the office of the clerk of the county of New York on the 14th day of June, 1926, upon the verdict of a jury, and also from orders entered in said clerk's office on the 11th day of June, 1926, denying motions by the respective defendants for a new trial made upon the minutes.

*Ellsworth Baker*, for the appellants.

*J. B. Engel* of counsel [*Engel Brothers*, attorneys], for the respondent.

FINCH, J.   The question presented by these appeals is whether policies of fire insurance which provided that the insurer should not be liable while the property insured was incumbered by a chattel mortgage, are avoided by the existence of a chattel mortgage upon said property which had not been renewed by an annual refiling in accordance with the provisions of section 235 of the Lien Law.

The plaintiff owned and conducted a summer hotel at Fallsburgh, N. Y.   On September 15, 1920, the plaintiff executed and delivered to Ida Savitch a mortgage in the sum of $5,000 covering the real property on which the hotel buildings were situated, " together with all fixtures and articles of personal property now or hereafter attached to, or used in connection with the premises, all of which are covered by this mortgage."   On the same day the plaintiff also executed and delivered to Ida Savitch a chattel mortgage upon the personal property in said hotel buildings.   Apparently the chattel mortgage was collateral to the mortgage upon the real property.   Said chattel mortgage was thereupon duly filed, as required by section 230 of the Lien Law, and on the 15th day of September, 1921, was renewed by filing a copy thereof, as required by section 235 of the Lien Law.   Some time prior to September 4, 1923, the plaintiff procured the issuance of the insurance policies upon which these actions are brought.   These policies insured the personal property located in the aforesaid hotel buildings.   The hotel and its contents were destroyed by fire on September 4, 1923.

The defendants upon the trial relied upon the defense that the aforesaid chattel mortgage upon the personal property prevented a recovery upon the policies, because of the following

36

provision in said policies contained: " Unless otherwise ordered by agreement in writing, added hereto, this Company shall not be liable for loss or damage to any property insured hereunder, while encumbered by a chattel mortgage, and during the time of such encumbrance, this Company shall be liable only for loss or damage to any other property insured hereunder."

The plaintiff attempted to meet this defense by claiming that the chattel mortgage in question had been abandoned by the mortgagee. To this end the plaintiff showed that in September, 1922, no renewal statement was filed. Notwithstanding this, however, the chattel mortgage was still an incumbrance upon the personal property. Failure to file a chattel mortgage does not render it invalid as between the parties thereto. As was said by Judge CARDOZO in *Gandy* v. *Collins* (214 N. Y. 293, 298): " The plaintiff is not helped by the mortgagee's omission to comply with the statute which requires either that the mortgage, or a copy, be filed, or that it be accompanied by a change of possession. (Lien Law, sec. 230.) Such an omission does not affect the validity of the mortgage between the parties. (*Stephens* v. *Meriden Britannia Co.*, 160 N. Y. 178.) It is a protection only to creditors and to subsequent purchasers and mortgagees in good faith."

In addition to the failure to refile the chattel mortgage, the plaintiff produced the testimony of the attorney for the mortgagee, who testified: " I told my client I would have to renew the mortgage and she told me — that is, Mr. Savitch told me I shouldn't do so, because he didn't think it was necessary. I explained to him that the real estate mortgage had a clause in the printed part thereof specifying that certain fixtures which are annexed to the realty are included. He said, ' Well, it is not necessary; don't renew it; we are sufficiently covered and we have sufficient security for our money; don't renew it.' * * * My client told me the only security she would rely upon would be the real estate."

In the first place, this evidence was improperly received over the objection and exception of the attorney for the defendants, because it was hearsay. (1 Greenl. Ev. [16th ed.] § 99; *Hopt* v. *Utah*, 110 U. S. 574.) But even if the fact sought to be shown by the aforesaid testimony be taken as established, it merely showed an intention on the part of the mortgagee at the time of the conversation not to insist upon her rights. So far as this record goes, there is nothing to show that the expression of such intention on the part of the mortgagee (passing the question whether the husband of the mortgagee had authority to make such a statement on her behalf) was founded upon any consideration. Nor did it involve any elements of estoppel, since it was not communicated

to the plaintiff and hence no opportunity was furnished to the latter to act in reliance thereon. The plaintiff thus failed to prove that the chattel mortgage in question had in fact ceased to be an incumbrance upon the property. As it still remained an incumbrance, the clause of the standard fire policy was operative, and prevented the plaintiff from recovering upon the policies.

The judgments and orders appealed from should, therefore, be reversed and a new trial granted, with costs to the appellants to abide the event.

DOWLING, P. J., MERRELL, MCAVOY and PROSKAUER, JJ., concur.

In each case: Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.