ANNIE WEINGARTEN, Respondent, *v.* HARTFORD FIRE INSURANCE COMPANY, HARTFORD, CONNECTICUT, Appellant.

ANNIE WEINGARTEN, Respondent, *v.* STERLING FIRE INSURANCE COMPANY, Appellant.

ANNIE WEINGARTEN, Respondent, *v.* STERLING FIRE INSURANCE COMPANY, Appellant.

ANNIE WEINGARTEN, Respondent, *v.* VIRGINIA FIRE AND MARINE INSURANCE COMPANY, Appellant.

First Department, December 30, 1927.

**Insurance — fire insurance — policies provided that defendant would not be liable for any loss while property was incumbered by chattel mortgage — plaintiff contends that she had valid agreement for cancellation of mortgage — evidence does not support plaintiff's contention.**

The policies of fire insurance forming the basis of this action contained a provision that the insurance companies would not be liable for loss to any property while incumbered by chattel mortgage. A chattel mortgage on the personal property insured was in existence prior to the issuing of the policies and that mortgage was later renewed. On a prior appeal the plaintiff was unsuccessful in her contention that she held a valid agreement for the cancellation of the mortgage, since it did not appear that the agreement was made between the plaintiff and the mortgagee but consisted merely of a statement made by the mortgagee to third persons. At the last trial plaintiff testified that she herself made the agreement. Evidently that testimony was given for the purpose of meeting the ruling of the court on the prior appeal, and the finding that there was such an agreement is against the probabilities.

APPEALS in the above-entitled actions by the respective defendants from judgments of the Supreme Court, entered in the office of the clerk of the county of New York on the 27th day of May, 1927, and also from orders entered in said clerk's office on the 17th day of June, 1927.

*Ellsworth Baker,* for the appellants.

*J. B. Engel* of counsel [*Engel Brothers,* attorneys], for the respondent.

16

McAvoy, J.    The policies in these suits contained the following clause: " Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage to any property insured hereunder while incumbered by a chattel mortgage, and during the time of such incumbrance this company shall be liable only for loss or damage to any other property insured hereunder."

The appellants' contention is that the policies of insurance on which the actions are based were void by reason of a certain chattel mortgage covering the personal property insured by said policies. The plaintiff's claim is that there was a valid agreement to release said chattel mortgage made prior to the issuing of said policies, and that, therefore, said chattel mortgage was not a lien thereon.

Plaintiff owned and conducted a summer hotel at Fallsburgh, N. Y. The hotel was furnished.   The furniture was insured by the policies in suit.   At the close of the trial the court directed a verdict in favor of the plaintiff for the amount covered by the policies.

The mortgage covering the real property on which said hotel building was situated, to secure the payment of $5,000, provided that it covered said real property " together with all fixtures and articles of personal property now or hereafter attached to, or used in connection with the premises, all of·which are covered by this mortgage."

Plaintiff also executed at the same time and delivered to Ida Savitch a chattel mortgage upon the personal property covered by the policies.

On the 15th day of September, 1921, said chattel mortgage was renewed.

It was conceded upon the trial that the personal property mentioned and described in the said chattel mortgage was included in the claim of loss.

If the transaction between the plaintiff and Ida Savitch was such as to cancel said chattel mortgage the defense is not of avail to defendant.

We think it apparent from the testimony offered here that the object of plaintiff was to come within the opinion of this court on the former appeal and designed to supply the missing proof there adverted to by the writer (219 App. Div. 560).

At the former trial there was no claim that there was any agreement between the parties as to the cancellation of the chattel mortgage.

One Honig, who claimed to represent the mortgagee, testified that his client, the mortgagee, told him she was satisfied with her security and he need not renew the chattel mortgage.

This court remarked as to this evidence: " So far as this record goes, there is nothing to show that the expression of such intention on the part of the mortgagee (passing the question whether the husband of the mortgagee had authority to make such a statement on her behalf) was founded upon any consideration." (*Weingarten* v. *Hartford Fire Ins. Co.*, 219 App. Div. 560, 562.)

The court said further (at the same page): " Nor did it involve any elements of estoppel, since it was not communicated to the plaintiff and hence no opportunity was furnished to the latter to act in reliance thereon."

At the last trial the plaintiff testified that she herself made the agreement. The intention to meet the question raised by the court seems impossible to escape. We think the finding that there was such agreement is against the probabilities.

The judgments and orders should be reversed and new trials ordered, with costs to the appellants to abide the event.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

In each case: Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.