STEWART MOTOR TRUCKS, INC., Plaintiff, *v.* THE CITY OF NEW YORK and Another, Defendants.

Municipal Court of New York, Borough of Brooklyn, Fourth District, March 26, 1936,

*Peritz Taub,* for the plaintiff.

*Paul Windels, Corporation Counsel [William R. Wilson* and *Samuel J. Jacobson* of counsel], for the defendants.

DITORE, J.  The defendants move for judgment dismissing the complaint herein on the pleadings pursuant to rule 112 of the Rules of Civil Practice, upon the ground that said complaint does not state facts sufficient to constitute a cause of action.

The facts, which are properly alleged in the complaint, are substantially as follows:

One Lawrence Gerard was the registered owner of a certain motor vehicle which had been sold and delivered to him by the plaintiff corporation on or about the 19th day of January, 1934.  In consideration of said sale, he delivered to the plaintiff a series of promissory notes and secured same by executing and delivering to it a mortgage on the automobile.  The chattel mortgage provided that he sold and transferred said automobile to the plaintiff, but reserved the right of possession; and that in the event of any default in payment, the holder of the notes and mortgage had the right without further notice and demand to take forthwith possession of the motor vehicle.  On the 11th day of June, 1934, Lawrence Gerard defaulted in payment, and the plaintiff was entitled, by the terms of the

mortgage, to the possession of the automobile. While the mortgagor was operating said vehicle on the last-mentioned date, same was damaged through the negligence and carelessness of the defendants in operating a certain automobile owned by the defendant, The City of New York.

The question involved is whether a chattel mortgagee has a cause of action in negligence against a third party who has damaged a mortgaged chattel in the possession of the mortgagor after default.

The plaintiff has cited numerous cases which uphold the right of a chattel mortgagee to recover damages against a third party occasioned through the conversion of the chattel or the destruction thereof while in possession of the mortgagor after default. The defendants argue that no analogy should be drawn therefrom since said cases were based upon the wrongful interference with the mortgagee's right to possess the chattel after default. The defendants also contend that, although the courts have held that a chattel mortgage transfers title, the mortgagee is merely a lienor, and that his title is not perfected until the mortgagor's equity of redemption has been extinguished through a foreclosure or sale; and that the plaintiff is not the real party in interest since payment to it would not protect the defendants from a claim made by the mortgagor.

The defendants by moving for judgment upon the pleadings admitted the truth of the facts alleged in the complaint. (*Clark* v. *Levy*, 130 App. Div. 389.)

The facts alleged in the plaintiff's complaint state a good cause of action against the defendants herein. The courts of this State have so clearly defined the rights of a chattel mortgagee that to hold otherwise would be a complete disregard thereof.

By the execution of the mortgage the legal title to the automobile was vested in the plaintiff, defeasible upon payment of the notes secured. This title was not absolute since the right of possession until default remained in Lawrence Gèrard. In default of performance by the mortgagor the plaintiff's title became absolute, the mortgagor, however, possessing the equity of redemption. (*Barrett Mfg. Co.* v. *Van Ronk*, 212 N. Y. 90; *Harrison* v. *Hall*, 239 id. 51.)

Notwithstanding that the plaintiff did not foreclose nor possess itself of the vehicle, the quality of the title acquired by it upon default remained intact. It is the right to possession, and not the exercise thereof, that perfects said title. The failure to foreclose or sell may affect the rights of the parties to the mortgage in that the equity of redemption is preserved; but it does in no wise alter the rights of the mortgagee with respect to third parties.

Although possession of the automobile was in the mortgagor at the time of the accident, same was with the consent of the plaintiff herein. The relationship of the parties was then that of bailor and bailee. (*Matthews* v. *Victor Hotel Co.*, 74 Misc. 426.) Accordingly, the rule with respect to the right of action in the mortgagee or mortgagor for the damage sustained is the same as in the case of bailor and bailee, namely, either the general owner of the property or one having a special interest in it can maintain an action for an injury to it. A settlement by the wrongdoer with either the mortgagee or mortgagor in the absence of fraud or collusion, or the recovery of a judgment by either, is a bar to a suit by the other for the same cause of action. (Jones Chattel Mort. § 447-a; *Harris* v. *Sea Board Air Line Railway Co.*, 190 N. C. 480; 130 S. E. 319; 49 A. L. R. 1452.)

Defendants' motion is denied.