GERTRUDE SCHOFER, Appellant, v. DAVIS & STEARNS, INC., Respondent.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: We think the verdict of no cause for action was clearly against the weight of the evidence. Moreover, the court erred in excluding Item 77-P of the Specifications relating to the " Protection of Traffic " under the defendant's contract. This error of itself requires a reversal of the judgment and order appealed from. (*McMahon* v. *Second Avenue Railroad Company*, 75 N. Y. 231, 235, 239. See, also, *Kinnie* v. *Town of Morristown*, 184 App. Div. 408.) All concur, except Crosby, P. J., and Taylor, J., who dissent and vote for affirmance. (The judgment is for defendant in an action for damages for personal injuries sustained by plaintiff by reason of an automobile in which she was a passenger colliding with concrete pipes in a public highway. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

HOWARD GURRY, Appellant, v. DAVIS & STEARNS, INC., Respondent.— Same decision and like cause of action as in companion case of *Schofer* v. *Davis & Stearns, Inc.* (*ante*, p. 881). Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

In the Matter of the Petition of N. B. I. CORPORATION, Judgment Creditor, Respondent, for an Order Determining the Title to Property Levied on under an Execution against JEAN KELLER, and Claimed by UNIVERSAL CREDIT COMPANY, INC., Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order dismisses the third party claim of the Universal Credit Company, Inc., in a proceeding to determine title to personalty.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

ELEANOR D. SWEENEY, as Administratrix, etc., of JOHN ROBERT SWEENEY, Deceased, Respondent, v. C. E. DENNEY and JOHN A. HADDEN, as Trustees of ERIE RAILROAD Co., Debtor, Appellants.— Judgment and order reversed on the law and a new trial granted, with costs to the appellants to abide the event. Memorandum: Defendants' rights were prejudiced by the repeated references to some alleged agreement which defendant railroad company was claimed to have made with the American Legion in regard to the speed of its trains. All concur, Crosby, P. J., voting for reversal on the facts as well as the law on the ground that the finding that defendant was negligent in respect to the speed of its train is against the weight of the evidence. (The judgment is for plaintiff in a railroad negligence action. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.