J. Robert Lynch, J.
This is an application by a judgment creditor for an order determining title to a Plymouth car levied upon by the Sheriff of Lewis County. The facts are undisputed.
*771 On April 19, 1960 Lloyd Manzer purchased the car from a retailer, Burkart Brothers, and thereupon executed the statutory retail installment contract in the form provided for by section 302 of the Personal Property Law (Motor Vehicle Retail Instalment Sales Act). The contract provided for possession to be given to the buyer but title to be retained by the seller until all amounts coming due under the contract were fully paid. At the same time the contract was assigned by Burkart Brothers to the Watertown National Bank. Neither the contract nor assignment were ever filed.
On April 20,1961, Samuel Yantzi obtained a judgment against Manzer. Execution thereon was delivered to the Lewis County Sheriff on June 16,1961. Levy was made on the car on July 1, 1961.
It was agreed on the return date of this petition that Yantzi had had no notice of the outstanding contract prior to the levy but that Manzer had told the Sheriff of the contract and the claim of the bank at the time of the levy.
It is the bank’s contention that its contract is a motor vehicle retail installment sales contract and not a conditional sales agreement. It claims its rights are vested in article 9 of the Personal Property Law which does not require filing of the contract to protect against the claims of third parties as does section 65 of the Personal Property Law for conditional sales agreement. Further, the bank contends that notice by Manzer to the Sheriff of the existence of the contract was notice to Yantzi.
Yantzi claims that he is a judgment creditor without actual or constructive notice of a conditional sales agreement which is therefore void as to him under the provisions of section 65 of the Personal Property Law.
Section 61 of the Personal Property Law defines a conditional sale as “ any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon payment of part or all of the price ”. The same section defines “ Goods ” as “ all chattels personal other than things in action and money ”.
For our purposes, section 301 of the Personal Property Law defines a retail installment sales contract as an agreement for the sale of a motor vehicle by a retail seller to a retail buyer for a price payable in installments and wherein the property in the motor vehicle is to remain in the seller as security for the buyer’s obligation. By definition it is apparent that the motor vehicle retail installment sales agreement here concerned is a conditional sales agreement, albeit for a specific purpose, i.e., the sale of a motor vehicle. This is expressly confirmed *772 by the statute which states that retail installment contracts include conditional sales agreements (Personal Property Law, § 301, subd. 5).
There is nothing in article 9 of the Personal Property Law to lend substance to the contention that agreements drawn under it must not be filed as a protection against claims of third parties. In fact it appears to the contrary. Section 302 (subd. 5, par. [5]) permits the amount of “ official fees ” to be charged against the buyer. Subdivision 7 of section 301 defines ‘ ‘ official fees ” as “ the filing or other fees required by law to be paid to a public official to protect the interest or lien ’ \
Notice to the Sheriff is not notice to the judgment creditor (N. B. I. Corp. v. Keller, 175 Misc. 231, affd. 261 App. Div. 881, motion for reargument denied 261 App. Div. 1044).
As to the petitioner Tantzi, title to the Plymouth car levied upon by the Sheriff was in the judgment debtor Manzer and the car may be sold at an execution sale free of the claim of the respondent the Watertown National Bank.