■ In the Matter of PAULINE FENU et al., Appellants, v. CLARENCE FOERTCH et al., Respondents, and PIRRO & SONS et al., Intervenors-Respondents. In the Matter of PAULINE FENU et al., Appellants, v. CHARLES N. HOWARD et al., Respondents, and PIRRO & SONS et al., Intervenors-Respondents.— Determinations and order unanimously confirmed, without costs. (Review of two determinations of respondents, Board of Zoning Appeals, transferred to Appellate Division for disposition by order of Onondaga Special Term and appeal from order of Onondaga Special Term remitting the proceeding to the Board of Zoning Appeals for a further hearing.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES V. TANGREDI, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from judgment of Onondaga County Court, convicting the defendant of manslaughter in the second degree.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ In the Matter of EDNA E. QUINN, Appellant, v. WALLACE D. QUINN, Respondent.— Order reversed, with $25 costs and disbursements and petitioner's application granted. Memorandum: Petitioner-appellant obtained a judgment against her husband, the individual respondent, for moneys due under the provisions of a separation agreement. Thereafter the Sheriff levied upon an automobile licensed in the name of the judgment debtor whereupon the corporate respondent laid claim to the vehicle by virtue of a conditional sales contract executed by the husband to the corporation. Upon the hearing it was stipulated that the contract had not been properly filed as required by the provision of section 66 of the Personal Property Law. Section 65 of that law provides that unless so filed reservation of the property in the seller shall be void as to, among others, any creditor of the buyer who acquires a lien by levy "without notice of such provision" reserving title. We conclude that the proof herein failed to establish that appellant was given notice of the reservation of the property in the corporate respondent within the meaning of the statutory provision (cf. Matter of N. B. I. Corp. v. Keller, 175 Misc. 231, affd. 261 App. Div. 881, motion for leave to appeal denied 285 N. Y. 860). All concur except Halpern, J., who dissents and votes to affirm. (Appeal by plaintiff from order of Monroe County Court adjudging certain personal property [automobile] reserved in G. M. A. C. and vacating plaintiff's execution and levy and releasing personal property to third-party claimant.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ VIRGINIA E. COLLINS, Respondent-Appellant, v. DONALD W. COLLINS, Appellant-Respondent.— Order unanimously affirmed, without costs of this appeal to either party. Memorandum: Upon this application we do not reach the ultimate question involved as to the validity of the marriage. This question is to be determined upon the trial. (See Bannon v. Bannon, 270 N. Y. 484.) (Cross appeals from order of Erie Special Term granting plaintiff's motion for temporary alimony and counsel fees.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ In the Matter of LINEN & CREDIT EXCHANGE, Appellant, v. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent.— Order insofar as appealed from unanimously affirmed, without costs of this appeal to either party. Williams, P. J., concurs on the ground that the books and papers in question were voluntarily delivered to the Attorney-General's office for examination. (Appeal by petitioner from certain parts of an order of Erie Special Term insofar as it denies an injunction restraining the use of evidence obtained from the books, records and documents of petitioner.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.