William R. Brennan, Jr., J.
Plaintiff in this action, submitted upon pleadings and an agreed statement of facts, seeks foreclosure of its chattel mortgage.
On August 20, 1958, plaintiff sold to the defendant 708 Dogwood Avenue Corp. (hereinafter referred to as “Dogwood”) certain chattels, fixtures and equipment and took back a purchase-money chattel mortgage to secure payment of $25,000, with interest, payable in 66 monthly installments. The sole stockholder of Dogwood was one Juliette Bitter who, in January, 1959, .sold all of her stock in the corporation to one Jean Sullem and received in exchange a series of corporate notes issued by Dogwood bearing accommodation indorsements of four individuals including the defendant Rubin Sullem. The facts submitted do not indicate what, if any, consideration Dogwood received for issuing these notes, but since no attack is made upon the validity of these corporate notes, they must be presumed to have been issued for a valid consideration. Juliette Bitter subsequently negotiated .these notes to one Ted Berger, and upon a default in payment of the notes, Berger brought an action against Dogwood and recovered a judgment against Dogwood and Sullem for the amount due under the notes. An execution was thereafter issued to the Sheriff under the judgment, a levy being subsequently made by the Sheriff on the chattels, and a Sheriff’s sale thereafter held on September 16, 1963. The question presented for determination is simply whether or not the plaintiff’s chattel mortgage takes precedence over the Sheriff’s sale.
The plaintiff’s chattel mortgage was duly filed on August 25, 1958. It was never thereafter refiled. The consequence is *467 that on September 16, 1963, the date of the Sheriff’s sale, it was ‘6 invalid as against creditors of the mortgagor, and against subsequent purchasers * * * in good faith” (Lien Law, former § 235, in force on Sept. 16,- 1963) even though at that time there was still unpaid under the chattel mortgage the sum of $6,300 and interest.
It is plaintiff’s contention that its mortgage is valid because of the fact that the individual defendant Daniel Lerner, Esq., had actual, as distinguished from constructive, notice of the unpaid chattel mortgage. Lerner was the attorney who originally represented Dogwood at the time of its purchase of the chattels and at the time of the issuance of the mortgage. Lerner was also the attorney representing Juliette Bitter when she sold her stock in Dogwood to Jean Sullem. Lerner was also the individual who bought in the chattels at the Sheriff’s sale in September, 1963, for the sum of $1,500 for and in behalf of an undisclosed principal. The Sheriff gave his bill of sale of ‘ ‘ all the right, title and interest, which the defendant has in and to the * * * property * * * subject to any and all chattel mortgages and/or conditional sales contracts.” At the sale and prior to bidding, one of the stockholders of the plaintiff advised the Sheriff and all those present at the sale, including Lerner, that the plaintiff held a chattel mortgage covering the chattels being sold. It is plaintiff’s contention that since Lerner originally knew of the mortgage and its terms and the fact that it could not have been satisfied by the time of the Sheriff’s sale (absent acceleration) and since he was advised prior to the sale of the existence of the mortgage and the fact that it was unpaid, that he purchased the chattels subject to the mortgage, notwithstanding the fact that it had not been refiled within the statutory period (Lien Law, former § 235). This contention, though appealing at first blush, cannot withstand analysis, for Lerner’s knowledge or lack of knowledge of the existence of the mortgage is simply irrelevant.
By the terms of the statute, the chattel mortgage was invalid against the judgment creditor of Dogwood by virtue of the failure of plaintiff to refile the same within the statutory period. (See Button v. Rathbone, Sard & Co., 126 N. Y. 187, 191; Stephens v. Meriden Brittania Co., 160 N. Y. 178, 181; Sanford v. Boland, 287 N. Y. 431, 436.) There is no claim or showing that Berger had any notice or knowledge of the existence of the chattel mortgage. Thus, at the time the Sheriff made a levy under the Berger judgment, said judgment became a lien on the chattels which took precedence over the unfiled chattel mortgage. What the Sheriff was selling, then, at the *468 September 16, 1963 sale, was title to the fixtures unencumbered by the mortgage. The events which took place subsequent to the levy could in no way change this fact and the announcement by plaintiff’s stockholder, subsequent to the levy but just before the sale, of the existence of the mortgage, could not work to reinstate the mortgage or in any way cut down or diminish the property rights created by the Sheriff’s sale. (See Ruppert v. Community Nat. Bank, 22 A. D 2d 165.) Otherwise stated, the notice given at the sale by the representative of the plaintiff is not relevant since it did not refer to a valid, subsisting and enforcible lien superior to the lien of the Sheriff’s levy under execution (cf. Matter of N. B. I. Corp. v. Keller, 175 Misc. 231, affd. 261 App. Div. 881; Yantzi v. Manzer, 30 Misc 2d 770). (See, also, American Laundry Mach. Co. v. Simon, 255 App. Div. 203.)