Richard W. Wallach, J.
Whether the presence of an option to purchase could bring about the metamorphosis of an equipment lease into a conditional sale agreement is the question presented by plaintiff’s motion for summary judgment in this replevin action.
An equipment lease agreement between plaintiff and Hart-west Productions, Inc., covering a 914 copier, contained an option provision entitling Hartwest as lessor to purchase the machine for a fixed price of $29,500, with the right to credit up to a maximum sum of $14,500 of rental payments accrued over the 18-month period immediately preceding ‘1 the effective date of purchase ”. Thus at no time could the consideration for the option be less than $15,000, and depending on the degree *753 of use (or rather nonuse) of the copier by Hartwest, might be considerably more. For on the minimum rental payable of $95 per month, the maximum option price would be $27,790.
Apparent from these figures is the observation that because the purchase price is constant, and the machine is steadily depreciating, exercise of the purchase option grows increasingly less likely as the lease term progresses. This factor earmarks the transaction as a leasing arrangement. Precisely the converse probability arises under a purchase option as the periodic payments approach the value of the chattel in the course of the payment term. It is these contrasting probabilities of title transfer that create the economic distinction between the species conditional sale agreement, and the species chattel lease cum option. The diverse effect of the two upon third-party creditors of the lessee or conditional purchaser, as the case may be, accounts for their differing treatment under the law.
Concededly, plaintiff did not treat the lease agreement as a conditional sales agreement and therefore did not comply with the filing requirements of article 9 of the Uniform Commercial Code. By virtue of a judgment for unpaid rent and levy of execution, defendant Realty Corporation (Hartwest’s erstwhile landlord) asserts that its lien is superior to the allegedly unperfected security interest of plaintiff.
Plaintiff urges that it always retained unconditional title under its lease, and not merely a reserved security interest which required filing to protect. This contention is sound. The inclusion of an option to purchase does not “ of itself make the lease -one intended for security ” (Uniform Commercial Code, § 1-201, subd. [37]); such a result only follows if ‘ ‘ the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration ” (Uniform Commercial Code, § 1-201, subd. [37], par. [b]).
Whether an equipment lease is in reality a contrivance to create a security interest may, under some circumstances “ shade into questions of fact when the option is for a few percent of the cash price or when the option is to renew at a low rental” (McKinney’s Cons. Laws of N. Y., Book 62%, part 3, Practice Commentary, subd. 4). Ambiguities in an agreement or leasing arrangement, regardless of labels, may require resolution of issues of fact as to the intent of the parties (American Can Co. v. U. S. Canning Corp., 15 Misc 2d 549, affd. 9 A D 2d 746). However, in this case, where the option price at all times had to exceed 50% of the total price, *754 no question of fact arises, and the instrument must be regarded as a bona fide lease as a matter of law (Matter of New York World-Tel. Corp. v. McGoldrick, 298 N. Y. 11).
The dispute as to whether plaintiff notified defendant at the execution sale of its interest is simply immaterial (R&L Stationery Corp. v. 708 Dogwood Ave. Corp., 56 Misc 2d 465), since the officer conducting the sale had, as a matter of law, no interest in the chattel to convey.
Accordingly, plaintiff’s motion for summary judgment is granted.