*424 OPINION OF THE COURT
Rockwell D. Colaneri, J.
The defendant, third-party plaintiff Charles R. Margiotta, moves for summary judgment against the plaintiff, Bank of New York, successor to Valley Bank of New York, upon the grounds that: (1) there are no triable issues of fact; (2) the plaintiff is not a proper party; (3) the action has no merit; and (4) res judicata bars the plaintiffs action.
On February 5, 1975, Simone and Linda Catalino signed a security agreement and retail installment contract for the purchase of a 1973 Thunderbird. The seller, Smith Haven Dodge, assigned its interest to Valley Bank of New York. The Bank of New York is the successor in interest to Valley Bank.
Sometime after the execution of the above instrument, the automobile, while being driven by Charles Margiotta, was destroyed in an accident. Plaintiff obtained a judgment against the Catalinos for the amount due and owing under the retail installment contract. The judgment was not satisfied. The bank now brings suit against the driver for its negligence.
The defendant, third-party plaintiff, alleges that the bank is not a proper party since the bank did not have title of the automobile.
The plaintiff alleges that it did have title and refers the court to the agreement signed by the Catalinos which states among other things: "(t)itle to and a security interest in the vehicle and all equipment at anytime added thereto shall remain and vest in the seller until all sums due and to grow due hereunder shall be fully paid in cash by the Buyer and Buyer has performed all conditions hereunder.”
Prior to the enactment of the Uniform Commercial Code, New York followed the title theory of chattel mortgages. Under the title theory, since title was in the mortgagee, the mortgagee held the cause of action against a third-party tortfeasor for damage to the mortgaged property even where the property was in the mortgagor’s or a third party’s possession (Vangellow v East Side Sav. Bank, 11 NYS2d 982). The general rule in New York was that the mortgagee with the title or the mortgagor in possession could sue for recovery where there was a tortious destruction of property (67 ALR2d 599).
New York has now adopted the Uniform Commercial *425 Code, and unless there is a statute to the contrary the code must govern.
Under the Uniform Commercial Code, title passes at delivery (Uniform Commercial Code, § 2-401, subd [1]; NY Ann to Uniform Commercial Code, § 2-401, subd [1], par [a]), with only the reservation of a security interest by the seller permitted (see, generally, Chase Manhattan Bank v Nissho Pacific Corp., 22 AD2d 215, affd 16 NY2d 999). In New York the rules on chattel mortgages and conditional sales are now governed by article 9 (Uniform Commercial Code, § 9-102), and are considered as a single security device. Despite the statement in New York Jurisprudence (53 NY Jur, Secured Transactions, § 97), if the rules concerning right to sue remain intimately connected with actual title, there is some doubt whether a secured party may sue a third person for other than proceeds of the collateral (Ann. 67 ALR2d 599; Stewart Motor Trucks v New York, 158 Misc 738).
While a security interest continues in any identifiable proceeds of the collateral covered by the security agreement (Uniform Commercial Code, § 9-306, subd [2]) and a third party may be liable in conversion for paying those proceeds without satisfying the secured party’s interest (First Nat. Bank of Highland v Merchants Mut. Ins. Co., 89 Misc 2d 771), it is unclear whether identifiable proceeds may be stretched to include a cause of action. This court sees no justification in so extending the statute.
However, a body of law in New York exists independent of article 9 (Uniform Commercial Code, § 9-306; NY Ann to Uniform Commercial Code, § 9-306). It is here that plaintiff may find his right to sue the defendant (see 53 NY Jur, Secured Transactions, § 97; Personal Property Law, art 9— Motor Vehicle Retail Instalment Sales Act). However, upon an examination of this law, no remedy has been found for the plaintiff (see Personal Property Law, § 314).
The cases that have allowed the secured party to bring an action relied on sections in the Personal Property Law now repealed and incorporated into the Uniform Commercial Code (Vangellow v East Side Sav. Bank, supra; Stewart Motor Trucks v New York, supra; see, also, Yantzi v Manzer, 30 Misc 2d 770). Since the repeal of a statute will abolish it as though it never existed (McKinney’s Cons Laws of NY, Book 1, Statutes, § 411), the court must conclude that the enactment and the adoption of the Uniform Commercial Code and the *426 repeal of article 4 of the Personal Property Law (see Uniform Commercial Code, art 10) effectively abolished plaintiffs cause of action (see, also, Personal Property Law,' § 314; contra 53 NY Jur, Secured Transactions, § 97.)
In light of the foregoing the issue of res judicata becomes moot and is not decided herein.
The defendant’s motion for summary judgment is granted.